## PEORIA, DECATUR & EVANSVILLE RY. CO.
### v.
### ASA PIXLEY ET AL.

1. CHANCERY.—Where, when this cause was before this court (13 Bradwell, 565), it was held that as it was not urged in the court below that appellant was an improper party, it was too late to then say that appellant had an adequate remedy at law, and the contract in question was held valid, and the cause was re-docketed in the court below, and appellees had filed their answers to the original bill and the cross-bill, when two other parties filing a demurrer to the bills on the ground that appellant was improperly made a defendant, the court permitted appellees to withdraw their answers and to file a demurrer to each of said bills. *Held*, that this was an abuse of the sound legal discretion of the court, and it was error for the court to dismiss appellant's cross-bill and dismiss appellant as a party to the original bill. Appellees had full opportunity, upon the filing of the cross-bill, to demur to an investigation in a court of chancery of a purely legal claim. But, having submitted the matters in controversy to an equity court, and that court having decided against them, it would be unjust to now permit them to insist upon another and different tribunal.

2. APPEAL FROM JUDGMENT NOT FINAL.—Owing to particular circumstances and hardships, courts sometimes refuse to dismiss appeals from judgments which do not completely dispose of the cases in which they were entered.

3. PLEADING—WHO MAY DEMUR FOR MISJOINDER OF DEFENDANTS.— A demurrer will lie on the part of any or all defendants for a nonjoinder or misjoinder of complainants, or for a nonjoinder of defendants; but a party who is properly sued has no right to object that another who is sued with him is improperly made a defendant, and he only who is improperly joined can demur for that cause.

APPEAL from the Circuit Court of Edwards county; the Hon. C. S. CONGER, Judge, presiding. Opinion filed October 10, 1884.

Messrs. STEVENS, LEE & HORTON, for appellant; that the railroad company was a proper and necessary though not an indispensable party defendant, cited Osborn v. Bk. of U. S., 9 Wheaton, 738; Cameron v. McRoberts, 3 Wheaton, 591; Harding v. Handy, 11 Wheaton, 132; Shields v. Barron, 17 Howard, 130.

The court having once acquired jurisdiction of the parties and the subject-matter, should retain the case to do complete justice: Sherlock v. Village of Winnetka, 59 Ill. 400; Sterl v. Sterl, 2 Bradwell, 223; Follensbee v. Scot. Am. Mort. Co. 7 Bradwell, 486; Channon v. Stewart, 103 Ill. 541; Apperson v. Gogin, 3 Bradwell, 48; Conklin v. Foster, 57 Ill. 105; Boyd v. Hunter, 44 Ala. 705; Pool v. Docker, 92 Ill. 501.

Mr. W. F. FOSTER and Messrs. HANNA & ADAMS, for appellees; that the power of the court to allow answer to be withdrawn and demurrer afterward to be filed is within the sound discretion of the court, and unless the court has abused its discretion, the appellate court will not reverse, cited Rowan v. Kirkpatrick, 14 Ill. 6.

BAKER, J.   This cause was before us at the August term, 1883 (see 13 Bradwell, 565), where a statement of the case will be found.   We then decided upon the merits of the several controversies arising, both upon the original and the cross-bills herein; and the decree was reversed on account of errors in the computation of amounts to be contributed by some of the then appellants.   We directed that the cause should be referred to the master, to state the accounts on the basis suggested by us; and it was intimated in the opinion that leave might be given Hinkle and Pixley to file cross-bills for the purpose of protecting certain rights and equities.   We fully sustained the validity of the contract involved in the litigation, the right of the Goulds to a contribution from the joint contractors with them, and the right of the present appellant, the P. D. & E. Ry. Co., to a decree upon its cross-bill.   We then said:

"It is assigned as error that the court did not dismiss the cross-bill filed by the P. D. & E. Ry. Co.   The objections stated are that the corporation was not a necessary or proper party to the original bill, and that its claim set up in the cross-bill was a purely legal claim, which could be enforced in a court of law.   It was not urged in the court below as ground of demurrer, that an improper party was made a defendant to the bill filed by the Goulds, nor was any demurrer interposed

to the cross-bill; but answers were filed to both bills, and the two causes were heard on their merits without demurrer or objection, and it is too late now to say there was an adequate remedy at law or that an unnecessary party was made a defendant."

At the April term, 1884, of the Edwards Circuit Court, the cause was re-docketed in that court.

Thereupon Hoffman and Plinell, two of the defendants to both the original bill and the cross-bill, filed a demurrer to the original bill, on the ground the P. D. & E. Ry. Co. was improperly made a defendant to said bill. And Pixley and nine other defendants were permitted by the court to withdraw their answers to both the original bill and the cross-bill and to file a demurrer to each of said bills.

Thereupon the court sustained all of these demurrers, and dismissed the original bill as to the P. D. & E. Ry. Co., and also dismissed the cross-bill of that corporation.

From the decree thus entered, dismissing its cross-bill and dismissing it as a party to the original bill, the P. D. & E. Ry. Co. h s taken this appeal. It is suggested that the decree is not final, the original bill being still retained as to the other defendants, and that no appeal lies from it. Owing to particular circumstances and hardships, the courts have refused to dismiss appeals from some judgments which did not completely dispose of the cases in which they were entered. Freeman on Judgments, Ch. 1, Sec. 35.

The case of W. U. Tel. Co. v. P. & A. Tel. Co., 49 Ill. 90, seems to be an authority to sustain this appeal.

As respects the defendants, Hoffman & Plinell, we find, upon a careful inspection of the record, that they, on the remanding of the cause, occupied but a slightly different position to that occupied by Pixley and the other defendants to the original and cross-bills. They, Hoffman and Plinell, had answered the cross-bill prior to the first hearing of the cause. It appears from the record that at the November term, 1882, it was expressly stipulated by agreement of all the parties, that the answer to the cross-bill and the supplemental cross-bill should be taken as an answer by all the defendants named in said bill, except Ansel A. Gould and Philander Gould.

And not only this, but the answer itself, which was filed April 11, 1882, shows on its face it was the "joint answer," not only of Pixley and the defendants specially named in the answer, but of the "other defendants in a cross-bill filed by the P. D. & E. Ry. Co., etc."

It appears, however, Hoffman and Plinell did not join in the answer to the original bill, and that by some oversight a default was not entered as to them. At the hearing "all the parties to the suit" appeared, and were represented by their several solicitors, and the cause was heard upon the pleadings and proofs. The action of the court in permitting Pixley and others to withdraw their answers to the original bill and cross-bill and file demurrers, was, in our opinion, an abuse of the sound legal discretion imposed upon the court.

Said defendants had full opportunity, upon the filing of the cross-bill, to demur and object to an investigation in the court of chancery of a legal claim which could be enforced in a court of law. They elected not to do this, but to test the validity of the claim and the merits of the case in the chancery court. Had that court found and decreed the contract in controversy void, there is no doubt that determination would have made the question of such validity and all other questions involved in the issues *res adjudicata* as to appellant; and the decree of the court could have been pleaded in bar to a subsequent suit at law. Having elected to submit the matters in controversy to the equity court, and that court having decided against them, it would be manifestly unjust and unfair to now permit them to insist upon another and a different tribunal. Parties should not be allowed to thus trifle with the rights of others and with the courts. Appellees having deliberately selected their bed should be permitted to lie in it. It would seem that if when the case was first here, it was then too late to say there was an adequate remedy at law, it would necessarily follow it was also too late after the cause had been remanded.

As we have seen, the defendants, Hoffman and Plinell, had also answered the cross-bill and elected to test the validity of appellant's claim in the court of chancery, and what we have

said with reference to Pixley and others applies as well to them.

As respects the demurrer of Hoffman and Plinell to the original bill of the Goulds on the ground that there was a misjoinder of the appellant corporation with the other defendants, we think it was improperly sustained. A demurrer will lie on the part of any or all defendants for a nonjoinder or misjoinder of complainants, or for a nonjoinder of defendants; but a party who is properly sued has no right to object that another who is sued with him is improperly made a defendant, and he only who is improperly joined can demur for that cause. Story's Equity Pl. §§ 544 and 237; Crane v. Deming, 7 Conn. 387; Horton v. Sledge, 29 Ala. 498; Christian v. Crocker, 25 Ark. 327.

It is suggested that the only parties who could complain of the order sustaining the demurrer to the original bill and dismissing appellant therefrom, are the Goulds, complainants therein. After appellant filed its cross-bill the Goulds had no power to dismiss their bill, either generally or as to appellant, without its consent. R. S. Ch. 22, Sec. 36. Appellant had substantial rights, both under the original and the cross-bill, which were affected by the orders of the court, and it had the right under the circumstances of the pleadings and the record to have the benefits it had obtained by the litigation thus far, and the advantage of its position in the court of chancery. By the action of the court, appellant was completely dismissed from the proceedings, and the whole case was fully disposed of, so far as it was concerned.

The orders and decrees of the court dismissing the cross-bill of appellant and dismissing it as a party to the original bill, are reversed, and the cause is remanded with instructions to reinstate appellant to the position it occupied after the former reversal of the cause, and then proceed in conformity with the former opinion herein.

Reversed and remanded.

CASEY, C. J., took no part in the decision of this case.