## CHARLES P. PACKER
### v.
## MELVILLE T. ROBERTS AND OSCAR D. WETHERELL.

*Practice—Courts of Chancery—Verification of Bill—Injunction to Restrain Collection of Judgment—Bond Required—Dismissal of Bill as to Part of Parties—Appeal.*

No appeal lies from an order dismissing a bill as to only a portion of the parties thereto.

[Opinion filed April 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. LOREN C. COLLINS, Judge, presiding.

Messrs. ALDRICH, PAYNE & WASHBURN, for appellant.

Messrs. FLOWER, SMITH & MUSGRAVE, for appellees.

WATERMAN, P. J. Oscar D. Wetherell, as the assignee under the insolvency law of this State, of Melville T. Roberts, caused a judgment to be entered against Charles P. Packer, upon a note made by him, payable to the order of said Roberts. Packer filed a bill against Roberts and Wetherell, to enjoin the collection of the judgment. Service was had on each of the defendants. Wetherell appeared

and demurred to the bill. The demurrer was sustained and an injunction theretofore issued dissolved, and the bill as to Wetherell was dismissed for want of equity. Whereupon the complainant appealed.

The bill in this case was not properly verified; the verification being merely to the best of complainant's knowledge and belief. Siegmund v. Asher, 37 Ill. App. 122.

The injunction was improvidently issued and should have been dissolved, because no bond conditioned to pay the judgment was given, as the statute, Section 8, Chapter 69, requires.

No appeal lies from an order dismissing a bill as to only a portion of the parties. The bill being still pending as to Roberts, the appeal prayed should not have been allowed. Thompson v. Follansbee, 55 Ill. 427; International Bank v. Jenkins, 109 Ill. 219; Hutchinson v. Ayres, 117 Ill. 558; People v. McFarland, 3 Ill. App. 237; Hoffman &. Billings Mfg. Co. v. Haxton Steam Heater Co., 18 Ill. App. 484.

The appeal will be dismissed.

*Appeal dismissed.*