## Robert B. Crouch

### v.

## First National Bank of Chicago.

*Limited Partnerships—Secs. 7 and 8, Chap. 84, R. S.*

1. The affidavit in question being defective in view of Sec. 7, Chap. 84, R. S., this court holds that a limited partnership was not formed in the case presented.

2. Owing to particular circumstances and hardships, courts sometimes refuse to dismiss appeals from judgments which do not completely dispose of the cases in which they were entered.

[Opinion filed January 25, 1893.]

Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding.

Mr. William J. Manning, for appellant.

Messrs. Flower, Smith & Musgrave, for appellee.

MR. JUSTICE GARY. The appellee was but one of the many parties defendant to a bill filed in the Circuit Court by the appellant.

Some, at least, of the other defendants were necessary parties to the suit, though practically, if the appellant ever obtains any relief, it must come from the strong boxes of the appellee. The appellee successfully demurred to the bill, and the court dismissed it as to the appellee only.

Authority requires us, on the motion appellee has made, to dismiss this appeal, as the suit is still pending below against the other defendants. The cases are collected in Parker v. Roberts, 44 Ill. App. 232.

But it would be a great hardship upon, if not a denial of justice to the appellant, to dismiss this appeal, if he is entitled to relief upon the merits. No decree against any of the other defendants, which he can have, would be of value to him. He can not dismiss them out of the case, and continue his suit against the appellee.

We will act upon the considerations that moved the Appellate Court of the Fourth District, in Peoria D. & E. Ry. Co. v. Pixley, 15 Ill. App. 283, and refuse to dismiss the appeal.

The point upon which the demurrer was sustained is, that a partnership, intended to be limited under the statute, is not in fact a limited partnership, because of defects in the affidavit.

The statute, Sec. 7, Chap. 84, calls for an affidavit "stating that the amount of money, or other property at cash value, specified in the certificate to have been contributed by each of the special partners to the common stock, has been actually and in good faith contributed and applied to the same." The affidavit here was "that the amount of $50,000, stated in the certificate of said partnership to have been contributed to the capital stock thereof by the said special partners, has been actually contributed, and applied, and paid into the same."

How? The statute requires that to appear; whether "in money or in other property at cash value," "in good

faith," or to be withdrawn as soon as a temporary purpose is served?

Sec. 8 is imperative that until such affidavit as Sec. 7 requires is filed, "no such partnership shall be deemed to have been formed." The statute requires an explicit statement in the affidavit, if not in the words of the statute, then in some words which, with their context, mean what the statutory words mean with their context.

We do not regard it as part of our duty to go over the cases cited by the appellant from the reports of other States in which judicial interpretation has repealed legislation.

The turning point is whether, under such an affidavit, a limited partnership was formed.

We hold the negative, and as this is decisive of the case, the decree is affirmed.

*Decree affirmed.*