## James R. Lane v. L. C. Crossman et al.

1. APPEALS—*Lie from Final Orders, etc.*—As a general rule, an appeal will not lie until there is a final disposition of the whole case.

2. SPECIFIC PERFORMANCE—*Defendant's Inability to Perform.*—A court of chancery can not decree specific performance of an agreement to convey property, which the defendant could not, when he made the contract, perform, and which he has not since acquired the ability to perform. In such a case the remedy is at law.

3. CHANCERY PRACTICE—*Verification of Amendments to the Bill.*—Where an amendment to a verified bill contains matters peculiarly within the knowledge of the complainant, a verification by the solicitor is insufficient.

**Bill for Specific Performance.**—Appeal' from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Submitted at the March term, 1895, of this court. Affirmed. Opinion filed April 22, 1895.

ARND, EVANS & ARND, attorneys for appellant.

WEIGLEY, BULKLEY, GRAY & EASTMAN, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The bill filed by the appellant alleges that May 11, 1894, he and the appellee made a contract—left in escrow with the Northern Trust Company—by which appellee agreed to pay appellant $74,800, and convey to him 140,000 acres of land in Utah and Idaho, subject to an incumbrance of $80,000, and appellant agreed to convey to appellee some Cook county land, subject to an incumbrance of $66,000. Then the bill alleges that when the contract was made the appellee did not own the 140,000 acres, and was not able to convey them to the appellant, and in the original bill it is further alleged that since the contract was made the appellee conveyed, fraudulently, all his property to Edwin O. Lanphere, but by an amendment it is alleged that the appellee conveyed to him, " property in the supposed consid-

Lane v. Crossman.

eration of " $347,200, and that appellee has not used any of that consideration in the performance of his contract with the appellant.

The bill is for specific performance, making the trust company and Lanphere parties defendant. On demurrer by the appellee the bill was dismissed as to the appellee only, and, so far as this record shows, remains pending as to the trust company, which says it is ready to obey the court, and Lanphere, who has demurred.

If the bill is intended to attack the title of Lanphere, this court can not, on this appeal, make an adjudication binding him. If it is not intended to attack his title, he has no business in the suit.

In this ambiguous phase of the case we must regard him as a party against whom the appellant claims relief. The appellant, without prejudice to any of his claims, might have dismissed the trust company out of the case, and he might also induce the court to act upon the demurrer of Lanphere, which, consistently with the action of the court upon the demurrer of the appellee, would have been sustained, and thus had a complete determination of the cause before taking an appeal.

There are no such special circumstances here as induced us to depart in Crouch v. First National Bank, 47 Ill. App. 574, from the general rule that an appeal will not lie until there is a final disposition of the whole case. Nevertheless we are disposed to take the appellant as he comes, and affirm the decree upon the ground that the bill shows that the appellee could not, when he made the contract, perform it, and does not show that he has since acquired the ability. Doan v. Manzey, 33 Ill. 227.

It is difficult on this record to avoid the conclusion that the character of the title of the 140,000 acres, subject to $80,000, is of no consequence to the appellant; what he really seeks is the $74,800. His remedy is at law. We pay no attention to the offered amendment which the court refused to permit. The bill and original amendment were verified by the oath of the appellant. The offered amend-

ment was verified only by the oath of his solicitor, who could not know that the appellant, at the time of filing the original bill or first amendment, was ignorant of the matters stated in the offered amendment. Jones v. Kennicott, 83 Ill. 484.

The decree is affirmed.