HERBERT E. BUCKLEN *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa May 11, 1897.*

1. APPEALS AND ERRORS—*appeal does not lie except from final order of court.* An order of court dismissing a bill as to one party is not a final order, and cannot be appealed from until there has been a final disposition of the case as to all other parties.

2. SAME—*appeal from interlocutory order will be dismissed, in absence of showing of hardship.* An appeal from an order of court not final will be dismissed, in the absence of any showing that a peculiar hardship will result from such dismissal, or that the final disposition of the case will be facilitated by entertaining the appeal.

3. SAME—*suit to determine rights acquired by perpetual easement in land involves a freehold.* A freehold is involved where the right of recovery in a suit depends upon the existence of a perpetual easement in land and the rights thereby acquired.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

HAMLINE, SCOTT & LORD, for appellants.

WILLIAM G. BEALE, Corporation Counsel, and GEORGE A. DUPUY, Assistant, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On April 21, 1893, appellants, with others, as owners of lots fronting on Lake Park, in Chicago, filed their bill in the circuit court of Cook county, against the Illinois Central Railroad Company, praying that it be enjoined from using the park for railroad purposes, and obstructing the view and access of complainants as such abutting owners. Prior to December 6, 1895, the bill was amended and a supplemental bill filed, and on that day a second supplemental bill, making the city of Chicago a joint defendant, was filed. After reciting the contents of the bill as amended and former supplemental bills, the filing

of an answer by defendant and replication by the complainants, and reference of the cause to the master, before whom it was then pending, to take the evidence, this second supplemental bill charged that the railroad company had, on October 21, 1895, procured the city council of the city of Chicago to pass an ordinance, setting the same forth at length. This ordinance purports to authorize the railroad company to place the structures upon Lake Park alleged by complainants to obstruct and interfere with their rights. After stating many objections to the validity of the ordinance, it is alleged that the railroad company has declared its intention to, and will unless enjoined, avail itself of the grants, licenses and privileges by said ordinance purported to be granted. The prayer is: "That said Illinois Central Railroad Company and the city of Chicago, who are made defendants, * * * may be required to make full, true and direct answers, * * * and that said Illinois Central Railroad Company, its officers, agents, attorneys and employees or licensees, and all others holding or acting under said Illinois Central Railroad Company, may be enjoined and restrained from entering upon or occupying, or in any manner constructing anything upon, the public grounds known as Lake Park, north of the north line of block 23, in fractional section 15, * * * and that the said ordinance of October 21, 1895, and all licenses, permits or contracts made in pursuance thereof, in so far as it or they grant to the Illinois Central railroad any authority to occupy or use, or deposit dirt or construct or maintain walls or other structures on, said public grounds west of the west line of said right of way of said defendant railroad, as defined by said decree, * * * or on said public grounds, or in the water next east thereof, and east of the east line of said right of way, or to construct any structures upon said right of way between the center line of Madison street on the north, and the north line of block 23, in said fractional section 15, * * * be declared abso-

lutely void and of no effect; * * * that the city of Chicago may be enjoined and restrained from constructing or permitting to be constructed upon said public park, either west of the aforesaid right of way of said defendant railroad or in the waters of Lake Michigan next east thereof, between the north line of block 23, etc., any structures, buildings, banks, walls, viaducts, bridges or other obstructions of any kind that will cut off the access of your orators from their several lots over said public park to the waters of Lake Michigan, or that will obstruct the view from the level of your orators' respective lots over said public park to the waters of Lake Michigan, * * * and be forever enjoined from using or permitting said public park to be used for any other purpose than those of a public park and landing place."

Writs of injunction were asked against each of the defendants, enjoining and restraining them as prayed. The city demurred to the bill, and on February 15, 1896, by agreement of parties, it was ordered that the answer of the defendant railroad company to the original bill stand as an answer to the original bill as amended and to the second supplemental bill, and that the replication of complainants on file stand as a replication to such answer, with leave to the railroad company to amend and file further answers within twenty days,—all to be without prejudice to the previous reference to the master and the evidence theretofore taken thereunder. At the same time leave was granted the city to amend its general demurrer and file special grounds of demurrer instanter. The demurrer was then set down for hearing and submitted on argument, and the matter taken under advisement by the court. On May 19 following, the demurrer was sustained, and complainants electing to stand by their bill, it was ordered that the same be dismissed as to the city of Chicago, at complainants cost. From that order this appeal is prosecuted.

It thus appears from the record that as to the Illinois Central Railroad Company the cause is still pending and undetermined in the circuit court, and it is insisted by the appellee that for that reason this appeal must be dismissed. It is also contended, that in no view of the case could the appeal be taken directly to this court, and on that ground also it should be dismissed.

It is provided by our statute (chap. 110, sec. 67,) that "appeals from and writs of error to all circuit courts, the Superior Court of Cook county, * * * may be taken to the Appellate Courts from all final judgments, orders and decrees, except as hereinafter stated." Section 88 of the same chapter provides, that "in all criminal cases above the grade of misdemeanors, and cases in which a franchise or freehold or the validity of a statute or construction of the constitution is involved, and in all cases relating to revenue, or in which the State is interested as a party or otherwise, shall be taken directly to the Supreme Court."

*First*—Is the order appealed from final, within the meaning of section 67? It seems clear from the decisions cited by counsel for appellee on this branch of the case that it is not. *Thompson* v. *Follansbee*, 55 Ill. 427, seems to be a leading case in this court on the subject. That was a bill for partition against several defendants, two of whom demurred to the bill. The circuit court sustained the demurrer and dismissed the bill as to those defendants. From that order the complainants prosecuted a writ of error. As to the other defendants the cause remained pending in the circuit court, and it was said: "It is a well settled rule that a writ of error will not lie except to a final order of court. If the bill is dismissed as to one or more parties, the complainant cannot prosecute a writ of error until there has been a final disposition of the case as to all other parties. A cause cannot be reviewed as to one party at one time and as to another party at another time. It appearing that there has been no

final order in this cause in the court below, the writ of error is dismissed, with costs." To the same effect is *International Bank* v. *Jenkins*, 109 Ill. 219, and *Farson* v. *Gorham*, 117 id. 137. And in *Chicago Steel Works* v. *Illinois Steel Co.* 153 Ill. 9, we again said (p. 16): "This court has often decided that a case cannot be heard here by piecemeal. (*Farson* v. *Gorham, supra.*) A cause cannot be reviewed as to one party at one time and as to another party at another time,"—citing authorities. In the case of *Hutchinson* v. *Ayres*, 117 Ill. 558, a bill was filed against three different persons, all of whom the court held to be necessary parties. Subsequently the circuit court dismissed the bill as to two of the parties and entered a decree against the third. The court, in its opinion, says (p. 567): "Mrs. Hutchinson being a necessary party, no appeal or writ of error lies upon the decree until there is a final decree as to her,"—citing the *Jenkins* and *Follansbee cases, supra.* "The case is not analogous to those wherein it has been held that a party may, by a voluntary dismissal, cause a preliminary and interlocutory decision to become final." Other decisions of this court to the same effect might be cited.

We do not understand counsel for appellants to deny the general rule, but they seem to rely upon an exception to it. In Freeman on Judgments (chap. 1, sec. 35,) it is said: "Owing to peculiar circumstances and hardships, the courts have refused to dismiss appeals from some judgments which did not completely dispose of the case in which they were entered." The Appellate Court for the Fourth District applied that exception to the rule in *Peoria, Decatur and Evansville Railway Co.* v. *Pixley*, 15 Ill. App. 283. The peculiar facts and circumstances of that case, and the delay and hardship which would have resulted to the appellant, fully appear from the opinion and the statement of the case, and the previous decision of the same case reported in 13 Ill. App. 565. The Appellate Court for the First District, in *Crouch* v. *First Nat.*

*Bank of Chicago,* 47 Ill. App. 574, refused to dismiss the appeal, though the suit was still pending below against other defendants, solely upon the ground that to do so would be a great hardship, if not a denial of justice, to the appellant if he was entitled to relief upon the merits. Passing upon the point, on appeal to this court, (156 Ill. 342,) we said (p. 352): "It is undoubtedly true that, under the general rule, an appeal, as against the bank, would not lie until the case was finally disposed of in the circuit court; but we think the Appellate Court properly held this case within an exception to the general rule, and we are not disposed to disturb its decision on that question."

No attempt is made by counsel for the appellants to show that the cause at bar is within the exception. It is not pretended that any peculiar hardship will result to the appellants by requiring them to conform to the general rule, nor that the final disposition of the cause will be facilitated by sustaining this appeal. On the contrary, it is clear that if appellants are entitled to the relief they seek, it can only be obtained upon a final decision of the cause as to both defendants. The affirmance or reversal of the order of the circuit court as to the city would in no way conclude the Illinois Central Railroad Company, who, upon its answer and the issue joined thereon, together with the proofs made, may prosecute to a final decree its defense in the circuit court, and, if defeated there, appeal to this court to have that decree reviewed, thus in the clearest sense requiring this court to pass upon the cause by piecemeal, which, as we have seen, can not be done. It seems to us clear that if the complainants can maintain this appeal, then, in every case where a decision is made, interlocutory or otherwise, as to one defendant, the complainant or plaintiff may leave the cause in the trial court and prosecute his appeal to the Appellate Court or this court, and plainly render nugatory the general rule, upon the pretext that his cause is

an exception thereto. Upon the ground that the order from which this appeal is prosecuted is not final, it must be dismissed.

As to the point that the appeal was improperly prosecuted directly to this court, we are of the opinion that, if the complainants can maintain their bill at all, it must be upon the theory that they have a right over Lake Park in the nature of a perpetual easement, which is a freehold, and therefore, under section 88 of the statute *supra*, an appeal lies to the Supreme Court.

For the reason stated the appeal will be dismissed.

*Appeal dismissed.*