## Charles E. Pain, Assignee, v. William C. Kinney, Julianna Chambers and Patrick Chambers.

1. APPEALS AND ERROR—*Appeals From Orders Dismissing Bills as to Part of the Defendants.*—An order of court dismissing a bill as to one party is not a final order and can not be appealed from until there has been a final disposition of the case as to all other parties, in the absence of any showing that a peculiar hardship will result from a refusal to allow an appeal.

**Specific Performance.**   Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.   Heard in this court at the October term, 1897.   Appeal dismissed.   Opinion filed January 6, 1898.

PARKER & PAIN, attorneys for appellant.

KNIGHT & BROWN, attorneys for appellees.

"It is a well settled rule that a writ of error will not lie except to a final order of court.   If the bill is dismissed as to one or more parties, the complainant can not prosecute a writ of error until there has been a final disposition of the case as to all parties.   The cause can not be reviewed as to one party at one time and as to another party at another time."

This has been the law since 1822.   Cornelius v. Coons, Breese, 37.

See, also, Pentecost v. Magahee, 4 Scam. 326; Racine & Miss. Railroad Co. v. Farmers' L. & T. Co., 70 Ill. 249; Hunter v. Hunter, 100 Ill. 519; International Bank v. Jenkins, 109 Ill. 219; Farson v. Gorham, 117 Ill. 137; Hutchinson v. Ayres, 117 Ill. 558; Gunn v. Donoghue, 135 Ill. 479; Chicago Steel Works v. Illinois Steel Co., 153 Ill. 9; Bucklen et al. v. City of Chicago and Illinois Central R. R. Co., 168 Ill. 329; People v. McFarland, 3 Ill. App. 237; Hoffman & B.

Mfg. Co. v. Haxton Steam Heater Co., 18 Ill. App.
484; Packer v. Roberts, 44 Ill. App. 232.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE
COURT.

Appellees moved to dismiss this appeal for the rea-
son, as contended, it is not from a final order.

The bill was by appellant, asking the specific per-
formance of a contract between certain contractors
(including Farson & Libbey Company, for which ap-
pellant is assignee) for material and labor for the con-
struction of a building on certain lots in Hyde Park,
owned by appellee Julianna Chambers, by which said
contractors agreed to go on and furnish materials and
labor in accordance with their several contracts with
the owners of a leasehold on said lots, and to receive
in payment thereon a note or notes due on or before
two years, in the sums set opposite their names re-
spectively. The contract also provided that the notes
should bear interest at 6 per cent, and should be se-
cured by first mortgage or trust deed on the fee simple
title to said lots placed on record, and should be put in
escrow before material was furnished.

The bill also asked that a note or notes aggregating
$3,000 of the notes secured by said trust deed, being
the amount set opposite the name of Farson & Lib-
bey Company on said contract, be delivered up to ap-
pellant, and also for general relief. The bill alleged
that one Brady had a lease for ninety-nine years of said
lots, with whom and one Skinner, Farson & Libbey
Company had made their original contract to furnish
labor and materials for said building; that pursuant to
the contract with Julianna Chambers, Brady made
thirty-one promissory notes, aggregating $20,000, and
Julianna Chambers and Patrick Chambers, her hus-
band, made and executed a trust deed conveying said

lots to appellee Kinney to secure said notes, which trust deed was recorded; that the notes, trust deed and contract were delivered to Kinney to hold in escrow according to the terms of the contract, and are now held by him, and that no note or notes aggregating the sum of $3,000 have been set apart for the use of Farson & Libbey Company; that Farson & Libbey Company performed their contract with said Julianna, but that Kinney, on demand by Farson & Libbey Company refused to deliver to it a note or notes aggregating $3,000 of said notes made by Brady and secured by the trust deed, and that he acted with the consent and advice of said Julianna in such refusal.

After issues made, the cause was referred to a master to take proof and report his opinion on the law and evidence. On the coming in of the master's report, after he had taken evidence, there was a hearing before the chancellor, who entered an order or decree dismissing the bill as to Julianna and Patrick Chambers, and re-referring the cause to the master to take testimony on behalf of Kinney, and report the same, together with the testimony theretofore taken, with his conclusions on all said testimony. From this order or decree appellant appealed.

As above shown, the bill alleges that Julianna Chambers has done all she agreed to do by her contract, and it does not allege that Patrick Chambers agreed or was to do anything. This accords with the evidence and the conclusions of the master. When these facts appeared to the court, on a hearing of the master's report, the court did right in dismissing the bill as to the appellees, the Chambers. The order was not final—did not dispose of the case as to Kinney—and therefore was not appealable. Thompson v. Follansbee, 55 Ill. 427.

In this case, which is similar in principal to the one

at bar, the court said: "If the bill is dismissed as to one or more parties, the complainant can not prosecute a writ of error until there has been a final disposition of the case as to all parties. The cause can not be reviewed as to one party at one time and as to another party at another time." See, also, Bucklen v. City of Chicago, 166 Ill. 451.

The case at bar does not fall within the exception to the rule stated in Crouch v. First Nat. Bank, 47 Ill. App. 574, and approved 156 Ill. 352, of great hardship, if not a denial of justice to appellant if he is entitled to relief upon the merits. The Crouch case presented facts showing that no decree appellant might obtain against the remaining defendants would be of any value to him without the decree also ran against the appellee as to whom the suit was dismissed. Not so in the case at bar. Here appellant has not alleged nor shown himself entitled to any relief as against the appellees as to whom the bill is dismissed, and the cause is retained for further evidence and a hearing as to the other appellee, on which appellant may establish his rights, and if dissatisfied with a decree, bring the whole case to this court for review. The appeal is therefore dismissed.