(Nos. 13344-45-46.—Reversed and remanded.)

THE CHICAGO AND WESTERN INDIANA RAILROAD COMPANY, Appellant, *vs.* THE CITY OF CHICAGO *et al.* Appellees.—THE PULLMAN TRUST AND SAVINGS BANK *et al.* Appellants, *vs.* THE CITY OF CHICAGO *et al.* Appellees.—THE CALUMET AND CHICAGO CANAL AND DOCK COMPANY, Appellant, *vs.* THE CITY OF CHICAGO *et al.* Appellees.

*Opinion filed June 16, 1920—Rehearing denied October 12, 1920.*

1. APPEALS AND ERRORS—*general rule as to when decree dismissing bill is final and appealable.* The dismissal of a bill as to one party cannot be appealed from until the case is disposed of as to all of the parties, as a judgment or decree is final only when it terminates the litigation between the parties, and where the cause is retained for the future determination of matters substantially in controversy between the parties the judgment or decree is not final and appealable.

2. SAME—*when decree dismissing bill to quiet title is final and appealable.* A decree sustaining a demurrer on the ground that a bill to quiet title is barred by limitation or *laches* and dismissing the bill is final and appealable as to all parties, where intervening defendants ask for no affirmative relief but only for a dismissal of the bill for want of equity.

3. PLEADING—*special demurrer setting up limitation or laches in equity admits allegations well pleaded.* A special demurrer alleging that complainants' bill to quiet title is barred by limitation or *laches* admits the truth of the allegations well pleaded in the bill.

4. CLOUD ON TITLE—*when complainants are not barred by limitation or laches.* Where it appears from the allegations of the bill, which are admitted upon demurrer, that the complainants are owners in fee by *mesne* conveyances from the United States government, that the land is unimproved and that no one has ever invaded the complainants' rights by entering into possession, the complainants are not barred by limitation or *laches* although the instrument alleged to be a cloud upon the title has existed more than twenty years.

5. SAME—*what must appear to entitle parties to intervene and be made defendants to bill.* To entitle parties to intervene and be made defendants to a bill to quiet title it must appear from their

petition that they have a direct interest in the subject matter of the litigation of a character that they will gain or lose by the decree entered, and the interest must be of a different kind from that sustained by the general public.

APPEALS from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

FISHER, BOYDEN, KALES & BELL, (ALBERT M. KALES, and WILLIAM K. OTIS, of counsel,) for appellants.

SAMUEL A. ETTELSON, Corporation Counsel, (HECTOR A. BROUILLET, and THEODORE EHLER, of counsel,) for appellee the city of Chicago.

MORRILL & SHANNON, for appellees Frances Nowak Miller and Charles A. Nowak.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant the Chicago and Western Indiana Railroad Company filed its bill in the circuit court of Cook county May 13, 1919, to remove cloud from and quiet its title to the west 100 feet of the northwest quarter of the northwest quarter of section 12, township 37, north, range 14, east, in Cook county. On the same day the same counsel filed a bill in which the appellants the Pullman Trust and Savings Bank and Francis B. Daniels, trustees of the Pullman Land Association, were complainants, to remove cloud from and quiet complainants' title to the east 100 feet of the northeast quarter of section 11, township 37, north, range 14, east, in Cook county. On the same day the same counsel filed a bill for the appellant the Calumet and Chicago Canal and Dock Company to remove cloud from and quiet its title to the west 100 feet of the southwest quarter of the northwest quarter of section 12, the west 100 feet of the southwest quarter of section 12 and the east 100 feet of the southeast quarter of section 11, all in township 37 afore-

said. The land described in all three of the bills is a strip 200 feet wide, being 100 feet in width on the east and west sides of the section line between sections 11 and 12, and is one mile in length. Complainants allege in each of the bills that they acquired title to the land claimed by them, respectively, through *mesne* conveyances from the United States government.

The alleged cloud on the titles of complainants is a certain unacknowledged instrument in the form of a quit-claim deed signed by several parties, bearing date October 18, 1869, recorded January 22, 1878, purporting to grant to the town of Hyde Park, for the purpose of a boulevard and common highway, a strip of land 100 feet wide on each side of the section line between sections 25 and 26 and 35 and 36 in township 38, and between sections 1 and 2 and 11 and 12 in township 37, which included the land claimed by the respective complainants. The bills allege the persons whose names are signed to said instrument had no title to or interest in the property claimed by complainants, and that the town of Hyde Park never accepted the grant nor has the city of Chicago since the annexation of Hyde Park; that possession of the property was never taken by either municipality and it has never been improved or used as a public highway. The bills set out the sources of the respective claimants' titles, and allege the land has never been occupied except where it is crossed diagonally by the Chicago and Western Indiana railroad, but has continued vacant and unimproved land, overgrown with grass and stubble, unused by the public and unfit for use as a street. They further allege the city of Chicago is claiming the grant of 1869 and certain alleged acts and conduct of complainants' grantors constituted a dedication of complainants' land as a public highway, whereby the city has acquired an easement therein. The bills further allege the claims of the city are without foundation; that complainants' property has never been dedicated for use as a street or highway

and said instrument is a cloud on the respective claimants' titles, and the prayer is that it be so declared by decree of court, set aside as null and void and title confirmed in complainants. The city of Chicago was the only party made defendant to the bills.

July 2, 1919, the city of Chicago filed a demurrer to the bills, alleging as special ground of demurrer that the supposed causes of action to the respective complainants did not accrue within twenty years next prior to filing the bills.

Frances Nowak Miller and Charles A. Nowak filed an intervening petition, alleging they owned property in section 1, township 37, fronting Stony Island avenue, which, as we understand it, is open and in use by the public from Ninety-fifth street north, and the property of Miller and Nowak is north of Ninety-fifth street and about a mile from complainants' property. In their petition to be made defendants they allege Stony Island avenue is open and in use as a public highway from Seventy-first street on the north to Lake Calumet, which is approximately One Hundred and Third street, on the south. The land claimed by the complainants extends from Ninety-fifth street to Lake Calumet, and is what would be Stony Island avenue produced from Ninety-fifth street. Over the objections of complainants Miller and Nowak were ordered made defendants. The Calumet and South Chicago Railway Company was also permitted to intervene and be made a defendant, and its petition to be made defendant was ordered to stand as its answer to the bills. Subsequently the court sustained the demurrer of the city of Chicago to the bills, and complainants electing to abide by their bills they were dismissed for want of equity. Each of the complainants prosecuted an appeal to this court, and for convenience in considering the appeals the cases have been consolidated and will be disposed of in one opinion.

A motion has been made by the Calumet and South Chicago Railway Company to dismiss the appeals because

the decree of the circuit court appealed from was not a final order. The same question is also raised in the briefs of Miller and Nowak. The general rule is that the dismissal of a bill as to one party cannot be appealed from until the case is disposed of as to all of the parties, and a judgment or decree is final only when it terminates the litigation between the parties. Where the cause is retained for the future determination of matters substantially in controversy between the parties the judgment or decree is not final and appealable. (*Rosenthal* v. *Board of Education*, 239 Ill. 29.) The demurrer of the city of Chicago was sustained on the ground that the suits were barred by limitation or *laches*, and it is apparent the bills could not have been amended in that respect. The intervening defendants sought no affirmative relief, but all the relief they could or did ask for was the dismissal of the bills for want of equity. From the decree entered by the chancellor sustaining the city's demurrer and dismissing the bills it seems plain the court intended to make a final order ending the litigation as to all parties. The decree recites: "It is ordered, adjudged and decreed that said bill of complaint be and it is hereby dismissed for want of equity without costs, all costs having been paid, and that this decree stand in all respects as the final decree in this cause." The bill was not dismissed as to the city of Chicago, only, but the effect of the decree is to dismiss the bill as to all parties defendant. It was a final and an appealable order.

The city of Chicago has filed a brief in support of its contention that complainants are barred by lapse of time from maintaining their suits; that equity will adopt the limitations fixed by law for bringing actions and where the delay is not explained by equitable circumstances. The demurrer admitted the truth of the allegations well pleaded in the bills. They alleged complainants were the owners of the land in fee simple, derived by *mesne* conveyances from the United States government, and that it has never

been occupied but is vacant and unimproved. According to the allegations of the bills no one has ever invaded complainants' rights by entering into the possession of the land, and the rule appears to be that until the owner of the legal title has been disseized by someone entering into possession the Statute of Limitations will not begin to run. (Wood on Limitations,—4th ed.—1228.) In *Zirngibl* v. *Calumet and Chicago Canal and Dock Co.* 157 Ill. 430, this court said: "A title being exhibited that is deduced from the general government, the presumptions must be in favor of its validity and in favor of legal possession under it until such presumptions are overcome by evidence to the contrary." Complainants were not barred by *laches,* for the reason that no position had been assumed by the city of Chicago or by the public toward the property which would make it inequitable to grant the relief prayed.

The property of Miller and Nowak is about a mile from the property in controversy, and it does not appear from their petition to intervene and be made defendants that they have any such interest in the subject matter as to justify allowing their petition. The rule is they must show they have a direct interest in the subject matter of the litigation of a character that they will gain or lose by the decree entered, and the interest must be of a different kind from that sustained by the general public. (*Oehler* v. *Levy,* 234 Ill. 595; *City of Chicago* v. *Union Building Ass'n,* 102 id. 379.) Their petition should have been denied.

The decree in each case is reversed and the causes remanded to the circuit court, with directions to overrule the demurrers of the city of Chicago.

*Reversed and remanded, with directions.*