## Frank Z. Carstens, Appellant, v. City of Wood River et al., Appellees.

Opinion filed April 7, 1928.

SPRINGER & BUCKLEY, for appellant.

WARNOCK, WILLIAMSON & BURROUGHS, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant filed a bill in which he averred that he is the owner of a certain tract of land in Wood River which is directly across the street from a park in the City of Wood River; that the park property was conveyed to the city by a deed which contained the following provision: "Said tract of land is conveyed to and accepted by the Village of Wood River for Park purposes, the same to be maintained as a Park for the said village, to be governed and controlled by the ordinances of said village for said purpose."

The bill avers that by reason of the said conveyance aforesaid, appellant, as owner of his property abutting on the park as aforesaid, has an easement in said park property, giving him the right to have said property used for park purposes under the terms of said deed; that he is a citizen and taxpayer in the said City of Wood River and as such has the right to have said property used in accordance with the terms of said deed; that appellees have constructed, or permitted to be constructed on the said park property, a swimming pool, a bathhouse and a pavilion; that the swimming pool is immediately across the street from appellant's property and that by reason of its proximity thereto appellant's property is greatly depreciated in value; that it was primarily suited for residence purposes, but that it has been rendered unsuitable for such purposes owing to the noise which lasts late into the night and to the continuous sight of persons in bathing suits at said pool and on the walks adjoining the same.

The bill avers that the city leased certain refreshment concessions on the park property to one Carl Hale; that the city makes a charge to those persons who desire to patronize the swimming pool and bathhouses and that the city has caused a fence about 7 feet high to be erected around the swimming pool; that appellees were without authority of law in permitting the erection of said structures on said park property and that it was their duty, under the law, to prevent the erection of the same; that the city has no lawful authority to permit a charge to be made for the use of the park or any part thereof by the public.

The bill prays that appellees may be perpetually enjoined from violating the terms of the dedication of the park property; that they be enjoined from maintaining the swimming pool, bathhouse, pavilion and fence; that they be enjoined from permitting the same to remain on said park property; that they be enjoined from leasing any portion of said park property, or

leasing concessions thereon; that they be enjoined from charging for the use of the swimming pool, bathhouse and pavilion or any part thereof, and that the city and the members of the city council may be ordered to restore said park property to the condition it was in before said structures were erected thereon.

Appellees filed a general and special demurrer to the bill of complaint, one of the special grounds being that the averments that appellant had an easement in the park property is a mere conclusion not based on any alleged facts. The demurrer was sustained and appellant electing to abide by his bill the court dismissed the same for want of equity at his costs.

It will be observed that appellant averred in his bill that his lot abuts upon the park property and that by reason thereof he has an easement in the park property which entitles him to have it preserved as a park. The averments of the bill are sufficient to show that he may have an easement and the right to have the property preserved as a park. *Village of Riverside v. MacLain,* 210 Ill. 308. A freehold is involved where the right of recovery in a suit depends upon the existence of a perpetual easement in land and the rights thereby acquired. *Bucklen v. City of Chicago,* 166 Ill. 451. A suit, the issues of which necessarily require the determination of the existence or nonexistence of a perpetual easement in land, involves a freehold. *Wessels v. Colebank,* 174 Ill. 618. A freehold is involved where the title thereto is so put in issue by the pleadings that the decision of the case necessarily involves a determination of that issue. *Duncanson v. Lill,* 322 Ill. 528. If the judgment of the trial court remains in full force and effect appellant is denied the right of a perpetual easement in the park property to have it preserved as a park.

We are of the opinion that a freehold is necessarily involved and that being true this court is without jurisdiction. It is therefore ordered that this cause

be and the same is hereby transferred to the Supreme Court. The clerk of this court will transmit the transcript of the record and all files herein, with the order of transfer, together with a copy of this opinion, to the clerk of the Supreme Court.

*Cause transferred to the Supreme Court.*