Margaret M. McCarthy, Appellant, v. Chicago Title &
Trust Company, Appellee.

Gen. No. 35,598.

424

Opinion filed January 25, 1932.

GEORGE A. LANE and GEORGE A. ROONEY, for appellant.

GEORGE GILLETTE and NORBERT TYRRELL, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Margaret M. McCarthy filed her bill in equity in the nature of a creditor's bill in the superior court of Cook county based on certain unsatisfied decrees in her favor against her husband, William J. McCarthy, which had been recovered in a proceeding by her against him for separate maintenance. The Chicago Title & Trust Co. was named as one of numerous defendants who, it was alleged in the bill, held in its possession property belonging to the judgment debtor and which should be subjected to the satisfaction of the decrees in favor of complainant. To this bill the Chicago Title & Trust Co. filed a general demurrer which

was sustained, and complainant electing to stand by her bill the same was dismissed for want of equity and the cause remained undisposed of as to other numerous defendants. Mrs. McCarthy has perfected this appeal from that decree, and the Title & Trust Co. has made a motion to dismiss the appeal on the ground that the order appealed from was not final and reviewable in this court, in that it was dismissed as to one of many defendants and remained pending as to others. Suggestions in support of the motion and counter-suggestions in opposition thereto have been filed, and the disposition of the same was reserved to the hearing.

In support of its motion to dismiss the Title & Trust Co. cites two cases—*People v. Banks,* 285 Ill. 137, and *Chicago & W. I. R. Co. v. City of Chicago,* 294 Ill. 257. In *People v. Banks,* a writ of error was sued out to review a decree entered by the circuit court of Adams county. It appears that a suit was brought by the People for the purpose of foreclosing certain tax liens against the defendant Banks. One Welch and other holders of certain bonds issued by a drainage district were interested because Banks had failed to pay certain assessments levied against his lands in that district for the purpose of paying these bonds. The bondholders filed an intervening petition making defendants thereto the county collector of Adams county and one F. B. McKennan, and thereafter Della M. Armstrong was permitted to become a party defendant. The defendants to the intervening petition filed demurrers which the court sustained, and on appeal to the Supreme Court the decree of the circuit court was affirmed. The opinion in that case is reported in *People v. Banks,* 272 Ill. 502. After the case had been affirmed, Welch filed a new intervening petition in the foreclosure suit in which he sought to remedy defects in the former petition by further and other averments, and he made McKennan, the county collector, and Della M. Armstrong parties defendant thereto. The

petition prayed that the county collector might be directed to execute and deliver to Welch a proper deed of conveyance to land and for general relief. Two of the defendants filed separate general and special demurrers to the petition which were sustained by the court. The other defendant filed an answer denying that Welch was entitled to the relief prayed and denying that Della M. Armstrong held title to the land in trust for him. On motion of Della M. Armstrong the intervening petition was dismissed for want of equity, Welch having elected to stand by his petition. Welch sued out a writ of error to reverse the decree. There was no trial of the issues made on the answer of McKennan to the petition, and the record showed that those issues were still pending for trial and decision in the circuit court. The court said:

"The decree in this case that we are asked to reverse on this writ of error is not a final decree. This court has frequently held that if a bill is dismissed as to one or more parties for want of equity and the case still remains pending as to other parties, the complainant cannot prosecute a writ of error until there has been a final decree or disposition of the case as to all the other parties. The reason is that such a decree is not a final decree within the meaning of our Practice Act, and this court has therefore no jurisdiction to review it. Under such circumstances this court will dismiss the writ of its own motion. (*Bucklen v. City of Chicago*, 166 Ill. 451; *Thompson v. Follansbee*, 55 id. 427; *Dreyer v. Goldy*, 171 id. 434; *Pain v. Kinney*, 175 id. 264.)" The court stated, however, that there were exceptions to the rule, but that the circumstances there appearing did not bring the case within such exceptions.

In *Chicago & W. I. R. Co. v. City of Chicago*, 294 Ill. 257, complainants filed three separate bills to remove alleged clouds from and quiet title to certain specific

real estate described in each bill. The City of Chicago was made the only party defendant in each of the bills. It filed a general and special demurrer. Certain other persons filed an intervening petition asking to be made defendants on the ground that they were interested and over the objection of complainant were made defendants. The Calumet & South Chicago Railway Co. was also permitted to intervene and be made a defendant, and its petition was ordered to stand as its answer to the bill. Thereafter, the demurrer of the City of Chicago to the bills was sustained, and complainants electing to abide by their bills they were dismissed for want of equity. Each of the complainants prosecuted an appeal to the Supreme Court. A motion was made by the Calumet & South Chicago Railway Co. to dismiss the appeals upon the ground that the order appealed from was not final. The court stated the general rule that the dismissal of a bill as to one party could not be appealed from until the case was disposed of as to all of the parties and that a judgment or decree was final only when it terminated the litigation between the parties. The court, however, further stated that the demurrer of the City of Chicago was sustained on the ground that the suits were barred by the statute of limitations or laches and it was apparent that the bills could not be amended in that respect; that the intervening defendants sought no affirmative relief but only asked the dismissal of the bills for want of equity; that the decree entered by the chancellor it seemed plain was intended to make a final order ending the litigation as to all the parties; that such was the effect of the decree, and that it was therefore a final and appealable order.

In *Peoria, D. & E. Ry. Co. v. Pixley,* 15 Ill. App. 283, it appeared that an appeal was prosecuted from a decree dismissing a cross-bill and dismissing the appellant as a party to the original bill. It was suggested

that the decree was not final because the original bill was still retained as to the other defendants, and that no appeal would lie from it. The court, however, stated:

"Owing to particular circumstances and hardships, the courts have refused to dismiss appeals from some judgments which did not completely dispose of the cases in which they were entered. Freeman on Judgments, Ch. 1, Sec. 35." On the authority of *Western Union Tel. Co. v. Pacific & Atlantic Tel. Co.*, 49 Ill. 90, the appeal was sustained.

In *Thompson v. Follansbee*, 55 Ill. 427, it is stated to be a well settled rule that a writ of error will not lie except to a final order of court; that if the bill is dismissed as to one or more parties, the complainant cannot prosecute a writ of error until there has been a final disposition of the case as to all other parties; and that a cause cannot be reviewed as to one party at one time and as to another party at another time.

This case was followed in *Bucklen v. City of Chicago*, 166 Ill. 451, where a bill for an injunction against two defendants was filed, the City demurred to the bill, the other defendant answered, the demurrer was sustained, and complainants electing to stand by their bill it was ordered that the same be dismissed as to the City of Chicago at complainants' costs. The court cites *Thompson v. Follansbee*, and says:

"To the same effect is *International Bank v. Jenkins*, 109 Ill. 219, and *Farson v. Gorham*, 117 id. 137. And in *Chicago Steel Works v. Illinois Steel Co.*, 153 Ill. 9, we again said (p. 16): 'This court has often decided that a case cannot be heard here by piecemeal. (*Farson v. Gorham, supra.*) A cause cannot be reviewed as to one party at one time and as to another party at another time,' citing authorities. In the case of *Hutchinson v. Ayres*, 117 Ill. 558, a bill was filed against three different persons, all of whom the court held to be necessary parties. Subsequently the circuit

court dismissed the bill as to two of the parties and entered a decree against the third. The court, in its opinion, says (p. 567): 'Mrs. Hutchinson being a necessary party, no appeal or writ of error lies upon the decree until there is a final decree as to her,' citing the *Jenkins* and *Follansbee* cases, *supra.* 'The case is not analogous to those wherein it has been held that a party may, by a voluntary dismissal, cause a preliminary and interlocutory decision to become final.' Other decisions of this court to the same effect might be cited.''

In *Crouch v. First Nat. Bank of Chicago,* 47 Ill. App. 574, the court stated that authority required the allowance of a motion by the appellee to dismiss the appeal because the suit was still pending below against the other defendants, and that the cases were collected in *Packer v. Roberts,* 44 Ill. App. 232. The court however added that it would be a great hardship upon, if not a denial of justice to, the appellant to dismiss the appeal if he were entitled to relief upon the merits; that no decree against any of the other defendants which he could have would be of value to him, and that it would therefore act upon the considerations that moved the Appellate Court of the Fourth District in *Peoria, D. & E. Ry. Co. v. Pixley,* 15 Ill. App. 283, and refuse to dismiss the appeal.

The same case reached the Supreme Court and is reported in *Crouch v. First Nat. Bank of Chicago,* 156 Ill. 342, where the facts are stated at great length. It appears therefrom that the bill in that case alleged that certain members of a limited partnership which was insolvent, with the intent to hinder and defraud creditors, confessed judgments upon certain notes to numerous parties, some of whom were residents of other States, and the bill prayed that these judgments should be decreed to be illegal and void and that the property which had been levied upon under executions based on the confessed judgments should be subjected

to the lien of the payment of debts of the partnership. The cause was removed to the circuit court of the United States, 18 Fed. 3, and a decree in favor of complainants was entered (34 Fed. 692), which upon appeal to the Supreme Court of the United States was reversed and the cause remanded to the circuit court of Cook county. Intervening petitions were filed by numerous creditors, and complainants obtained leave to file an amended and supplemental bill, to which two of the defendants filed demurrers. The demurrer of the bank was sustained, and as to it the bill was dismissed at complainants' costs. The other demurrer was overruled. Discussing the point made that the appeal should have been dismissed by the Appellate Court, the Supreme Court said:

"It is undoubtedly true that, under the general rule, an appeal, as against the bank, would not lie until the cause was finally disposed of in the circuit court; but we think the Appellate Court properly held this case within an exception to the general rule, and we are not disposed to disturb its decision on that question."

In *Hoier v. Kaplan,* 313 Ill. 448, the complainant filed a bill to foreclose a mechanic's lien. The defendants filed a general and special demurrer, which was sustained and the petition dismissed as to certain items named. As to the rest of the petition the demurrer was overruled. The complainant appealed from the order of dismissal to this court where the defendants moved to dismiss the appeal, for the reason that it had not been taken from a final order. The motion was denied, the decree of the circuit court upon review affirmed, and a certificate of importance granted to the Supreme Court. The opinion states that one of the questions was whether the order of dismissal by the circuit court was appealable and says:

"A judgment at law is a unit. A decree in equity may have the effect of several separate decrees. (*Walker v. Montgomery,* 236 Ill. 244.) An appeal may

be taken from that part of a decree which deals with a particular subject, and such an appeal operates as a severance in the trial court of the parties and questions not concerned in the appeal. (*Mussey v. Shaw*, 274 Ill. 351.) The test is whether the decree or order appealed from determines the ultimate rights of the parties with respect to distinct matters which have no bearing on other matters left for further consideration. (*Sebree v. Sebree*, 293 Ill. 228; *City of Park Ridge v. Murphy*, 258 id. 365; *People v. Vogt*, 262 id. 170.) The circuit court by its order of dismissal determined finally the rights of the parties with reference to a definite and separate portion of the subject matter of the controversy, hence the order was appealable, and the Appellate Court properly denied the motion to dismiss the appeal.''

It appears, we think, from this hasty review of the cases that under the general rule the decree here entered would be held to be interlocutory unless the facts of the case bring it within one of two exceptions—(1) that the rule is not applicable to cases where its enforcement would result in a great hardship or injustice to any one of the parties, and (2) that the rule is not applicable where the decree as entered finally and completely disposes of a particular subject matter of the litigation as between the particular parties.

The bill filed by Mrs. McCarthy is a creditor's bill based upon section 49 of the chancery code. It is based upon unsatisfied decrees where executions have been issued and returned unsatisfied, thus leaving her without remedy except in a court of chancery. A bill of this kind qualitatively and usually quantitatively differs from other proceedings in chancery. It is in the nature of an inquisition, the purpose of which is to discover property of the debtor which may be applied to the satisfaction of his debts. Indeed, it is not altogether unlike the case of *Crouch v. First Nat. Bank of Chicago*, above cited. There are a large number of de-

fendants, and the bill describes a large number of transactions (which it challenges) with these different persons and which are entirely distinct, the one from the other, in their nature. Only one item of the bill concerns the defendant Chicago Title & Trust Co. The bill in substance alleges that the Trust Co. has in its possession six bonds in the sum of $1,000 issued by the Public Service Co. of Northern Illinois. It describes these bonds by number and says that they were deposited by the Chicago Title & Trust Co., and that the company is now holding these bonds which have become, by means described in the bill, the property of the judgment debtor. The decree, which sustains the demurrer of defendant and dismisses the bill of complaint as to this charge, finally disposes of the issue with reference to this property. It is separate and distinct from other items held (as alleged) by other defendants named, and the decree therefore finally disposes of the cause as between these parties upon the merits.

We think that to hold otherwise would inflict a hardship upon complainant. The records of this court show that from November 15, 1917, until now, Mrs. McCarthy has been compelled to carry on constant litigation for the purpose of compelling a reluctant husband to comply with the elementary duty of providing the necessary sustenance for his family. Her bill, if true (and the general demurrer admits the facts well pleaded therein to be true), shows that in numerous ways and with numerous persons throughout the years he has succeeded in putting his property, means and income out of the reach of the law. Further delay would work hardship and should not be encouraged by this court. The motion to dismiss will be denied.

The appellee, Chicago Title & Trust Co., has not filed any brief or assisted the court by making any suggestions in favor of the decree which was entered. We assume that it was not aware of any suggestions which

would be helpful to this court upon that part of the case. The bill, as already stated, alleges that the Chicago Title & Trust Co. has in its possession property which belongs to McCarthy. If this is true, complainant has the right to have it applied to the satisfaction of her decree against him. Clearly, the court erred in sustaining the general demurrer and dismissing the bill of complaint for want of equity, and the decree will therefore be reversed and the cause remanded with directions to the trial court to enter an order requiring defendant to answer the bill.

*Motion to dismiss denied and the decree reversed and remanded with directions.*

O'Connor, P. J., and McSurely, J., concur.