Irving Berry Phillips, Appellant, v. Agnes Dunne O'Connell, etc., et al., Appellees.

Gen. No. 42,979.

Heard in the first division of this court for the first district at the December term, 1943. Opinion filed April 3, 1944.

Sonnenschein, Berkson, Lautmann, Levinson & Morse, of Chicago, for appellant.

George A. Bosomburg, for appellees.

Mr. Justice Niemeyer delivered the opinion of the court.

The complaint consists of two counts. Count one is in equity, for the foreclosure of a trust deed and entry of a deficiency decree against the signers of an alleged extension agreement. Count two is in law, for judgment on the indebtedness secured by the trust deed.

A decree of foreclosure was entered reserving jurisdiction, in case there should be a deficiency in the proceeds of sale, to determine whether the defendants were personally liable under the alleged extension agreement for any such deficiency; a deficiency resulted; the cause was referred to a special commissioner on the question of the personal liability of the defendants for such deficiency; on the hearing before the trial court, on exceptions to the report of the special commissioner, defendants renewed their motion, made several times before, that count two be transferred to the law side of the court for a trial before a jury. The trial court found that the original makers of the mortgage notes were primarily liable and that the obligation of defendants under the alleged extension agreement was that of guarantors of the payment of the notes. An order was entered transferring to the law side of the court, for a trial by jury, the issues under count two of the complaint, denying plaintiff's motion for a deficiency decree, striking the special commissioner's report from the files and reserving jurisdiction on the question of the fees of the special commissioner and the solicitors until the determination and disposition of the issues under count two on

the law side of the court. From this order, transferring count two to the law side of the court and denying a deficiency decree, plaintiff appeals, contending that the alleged extension agreement contained an assumption of the mortgage debt, created a direct and primary obligation of defendants and entitled plaintiff to a deficiency decree under count one in equity. Defendants moved to dismiss the appeal on the ground that the two provisions appealed from are interlocutory orders and that plaintiff failed to serve notice on certain other defendants whose interests may be vitally affected by the appeal.

Because of the view taken by us on the motion to dismiss the appeal, it will be unnecessary to discuss the merits of the case. If the complaint had consisted only of count one, we would have no hesitancy in holding that the order denying a deficiency decree was a final, appealable order. It made a final disposition upon the merits of the equitable issues raised under count one and denied further relief in equity to the plaintiff. *Free v. The Successful Merchant,* 342 Ill. 27. The finality of the order is not affected by the fact that the court reserved jurisdiction of the question of the special commissioner's and solicitors' fees. *Rettig v. Zander,* 364 Ill. 112, 116; *Bennett v. Weber,* 323 Ill. 283, 293; *Cowdery v. Northern Trust Co.,* 321 Ill. App. 243, 267. Plaintiff elected to join with his equitable claim an action at law for the recovery of a personal judgment against the defendants upon the identical indebtedness as to which he sought a deficiency decree in the equity suit. When the order appealed from was entered there was still pending in the proceeding plaintiff's claim under the law count for the money which the court had denied him under the equity count. Plaintiff contends that under the present practice act he is permitted to appeal from the order denying equitable relief, notwithstanding his claim for relief in the law action is undisposed of. Under section 50 of the

Practice Act (Ill. Rev. Stat. 1943, ch. 110, par. 174 [Jones Ill. Stats. Ann. 104.050]) more than one judgment may be rendered in the same cause, and by subpar. 2 "Any party aggrieved by any such judgment may have a review thereof as herein provided, even though said cause remains undisposed of as to other parties." Provisions for appeal are limited to appeals from final judgments, orders and decrees, interlocutory orders concerning injunctions and receivers and, by leave of the reviewing court, from orders granting a new trial. (Secs. 77, 78.) Subparagraph 2, section 50, quoted above, limits appeals from the separate judgments which may be entered in a cause to judgments which dispose of all matters in issue between the parties to the judgment appealed from. The order before us does not dispose of the matters in issue between the parties. In *Walters v. Mercantile Nat. Bank of Chicago,* 380 Ill. 477, on a complaint to construe several provisions of a will and trust agreement, involving numerous defendants, a decree was entered construing the last paragraph of a certain article of the will and providing "that the remaining questions involved in the construction of said Last Will and Testament should be and they will be disposed of by this Court in a decree to be presented to this Court at a later date." In dismissing on its own motion an appeal from the decree construing a part of the will, the court said (487): "The applicable provisions of the Civil Practice Act, even if construed to authorize separate decrees to be entered in a case of this kind, do not make such decrees final until the termination of the litigation by the decision of all the questions and issues raised between all the parties to the suit. (*Rogers v. Barton,* 375 Ill. 611; *McDonald v. Walsh,* 367 id. 529.) When the case is thus disposed of any party feeling himself aggrieved may perfect an appeal from any and all orders entered. Until that time, all such orders are interlocutory and cannot be reviewed on

appeal.'' Plaintiff also argues that the appeal should be allowed as an exception to the general rule that the judgment or decree, to be final and appealable, must dispose of the whole controversy, because enforcement of the order appealed from would result in a great hardship or injustice, and cites *McCarthy v. Chicago Title & Trust Co.,* 264 Ill. App. 423, 431, 432 and other cases. The effect of the order appealed from is to force the plaintiff to try the issues raised on his claim for judgment for the amount of the deficiency before a jury rather than before the court. If this is a hardship it is one created by the plaintiff's voluntary action in joining his claim at law with his claim in equity. He was free to pursue the different remedies in separate proceedings. Had he done so, an appeal from an adverse ruling in one proceeding would not be affected by the pendency of the other. Having voluntarily created the situation which now confronts him, he cannot claim special privileges of appeal to relieve him from the consequences of his own action.

The appeal is dismissed.

*Appeal dismissed.*

O'Connor, P. J., and Matchett, J., concur.