Jacob Mussulman et al., Plaintiffs in Error, *v.* The People, Defendants in Error.

ERROR TO MASSAC.

One of several cognizors cannot raise the objection, that a joint cognizor is not liable.

The defendant in a proceeding by *scire facias* on a recognizance, cannot assign for error, the failure of the court to dispose of the case as to a cocognizor.

This cause was heard by Denning, Judge, at June term, 1853, of the Massac Circuit Court.

T. G. C. Davis, for plaintiff in error.

J. Robinson, for the people.

Treat, C. J. Mussulman, Jack, and others, acknowledged a joint and several recognizance, conditioned for the appearance

of Lane to answer a criminal charge. The obligation was forfeited, and a *scire facias* issued against the cognizors. Mussulman and Jack entered their appearance; and the former pleaded in bar of the proceeding, that Jack was an attorney and counsellor at law when the recognizance was executed. The court sustained a demurrer to the plea, and rendered a judgment against Mussulman for the amount of the recognizance, without disposing of the case as to Jack. Mussulman sued out a writ of error.

The statute declares, that " no counsellor or attorney at law, sheriff, undersheriff, bailiff, or other person concerned in the execution of process, shall be permitted to be special bail in any action." It will not be necessary to inquire whether this provision has any relation to recognizances in criminal cases. Even if it applies to this case, and vitiates the obligation as to Jack, still it is very clear that Mussulman is bound. He cannot raise the objection that Jack is not liable. If there is a defence at all, it is personal to Jack, and available to him alone.

Nor can Mussulman assign for error the failure of the court to dispose of the case as to Jack. This precise question arose and was decided in Passfield *v.* The People, 3 Gilm. 406. In that case, the parties to a joint and several recognizance were served with process of *scire facias*, and a judgment by default was rendered against one, leaving the case undisposed of as to the others. On error brought by him against whom the judgment was entered, the court remarked : " Judgment might have been rendered against all of the cognizors, but of this the people only can complain." The question was also in principle settled in the previous case of Sans *v.* The People, 3 Gilm. 327.

The judgment is affirmed.

*Judgment affirmed.*