The People v. McFarland.

Reversed and remanded.

## THE PEOPLE OF THE STATE OF ILLINOIS

### v.

### BIGGERS MCFARLAND.

WRIT OF ERROR.—A writ of error will not lie except to a final order of court. There must be a final disposition of the case as to all the parties. A cause of action cannot be reviewed as to one party at one time, and as to another party at another time.

ERROR to the Circuit Court of Hardin county; the Hon. JOHN DOUGHERTY, Judge, presiding.

Mr. L. F. PLATER, for plaintiff in error; that to discharge the surety a surrender of the principal must be made before default, cited Rev. Stat. 1874, 397, §§ 304, 397.

Prior to the statute of 1874, sureties might surrender principal before judgment upon *scire facias*: Weese v. The People, 19 Ill. 643; Gross' Stat. 1869, 206, § 196; Rev. Stat. 1845, 187, § 196.

This has been changed by the present law: Wray v. The People, 70 Ill. 664.

Judgment being entered by default on the recognizance, the liability of the surety is fixed: Stevens v. Hay, 61 Ill. 399.

The common law gave courts no power to relieve against a forfeiture of recognizance: Weese v. The People, 19 Ill. 643; Pate v. The People, 15 Ill. 223; 1 Chitty's Crim. Law, 92.

Mr. W. S. MORRIS, for defendant in error; as to the object of the recognizance, cited Underwood's Stat. 1878, 464, § 297.

Sureties are released by conviction and imprisonment of the principal: Gingrich v. The People, 34 Ill. 448.

A cause cannot be reviewed as to one party at one time, and as to another party at another time: Thompson v. Follansbee, 55 Ill. 427.

TANNER, P. J. This was a proceeding by *scire facias* upon a forfeited recognizance. On the 1st day of November, A. D. 1876, the defendant in error entered into a recognizance with one Alexander Wilson for the appearance of the latter to answer to a criminal charge. The recognizance was, on the 22d day of October, A. D. 1877, forfeited, and a *scire facias* ordered by the court, and duly issued and returned to April term of Hardin Circuit Court, A. D. 1878, served upon defendant in error, and returned not found as to the principal, who filed plea, by leave of court, setting up the surrender of Wilson in open court on the 10th day of April, A. D. 1878. Plaintiff in error demurred to said plea, but admitted that Wilson was in court, but not properly surrendered, nor the plea a proper defense to the action at that late hour. Court below decided to the contrary. Pending the demurrer to the plea, the defendant in error confessed the action as to costs, and the court of its own motion gave judgment against defendant in error (the surety) for costs only, awarded execution therefor, and discharged him from the liability of the penalty of the recognizance. The court then continued the cause as to Wilson, the principal. To reverse said judgment the cause and record is brought to this court.

Many errors are assigned upon the record, but we are precluded from considering any of them for the reason that the cause is still pending in the Circuit Court as to Alexander Wilson, one of the cognizors.

The plaintiff in error insists that this point is not well made by the defendant in error, and in support of this view cites Passfield v. The People, 3 Gilm. 406; Sans v. The People, 3 Gilm. 327; Mussulman v. The People, 15 Ill. 51.

We have carefully considered these authorities, and find that

they do not sustain the plaintiff in error. They are to the effect that one of several cognizors cannot complain that the case is not disposed as to all. The recognizance being joint and several, judgment may be rendered against one or more of the sureties without all being in court. In the case before us, the principal and surety were both in court, and judgment was rendered against the surety for costs, and the cause continued as to the principal. Upon this state of the record the plaintiff in error brings the case to this court on writ of error.

This course, we think, is not sustained either by principle or authority.

"A writ of error will not lie except to a final order of court, so if a bill is dismissed as to one or more of the parties, the complainant cannot prosecute a writ of error until there has been a final disposition of the case as to all other parties. A cause of action cannot be reviewed as to one party at one time, and as to another party at another time." Thompson v. Follansbee et al. 55 Ill. 427; Freeman on Judgments, § 28, and authorities there cited. There are some exceptions to this rule, but the case at bar does not fall within them.

It appearing that this case is still pending in the Circuit Court as to one of the defendants, the writ of error is therefore dismissed.

Writ dismissed.