558 · HUTCHINSON *et al. v.* AYRES.

## MAHLON HUTCHINSON *et al.*

### *v.*

### JASON C. AYRES.

*Filed at Ottawa June 12, 1886.*

1. PARTIES—*on bill against trustees—whether all should be made parties.* On bill by the *cestuis que trust* against the trustees, seeking relief, all the trustees should be made parties, in order that, as each co-trustee is liable, complete justice may be done by adjusting the liabilities of the co-trustees, and thus obviate the necessity of ulterior proceedings and a multiplicity of suits.

2. There are exceptions to this rule, however, as, when one of the trustees has declined the office, or been discharged, he need not be made a party, and when the breach of trust is in the nature of a tort, for which there can be no contribution between the defaulting trustees, they need not be joined as defendants in a bill for the breach.

3. SAME—*practice—time to object for want of proper parties.* In a suit by *cestuis que trust* against two trustees of an estate, the court dismissed the bill as to one trustee for want of equity, and found the other guilty of waste, and referred the cause to the master. Afterward, on complainant's motion, the bill was dismissed as to the other trustee, without prejudice, and an appeal taken from the first order of dismissal: *Held,* that the defendant as to whom the court dismissed the bill for want of equity, might raise the objection of the want of necessary parties, on the appeal, he having had no opportunity for doing so before.

4. FINAL ORDER OR DECREE—*what so regarded—as affecting the right of appeal.* On a bill by *cestuis qui trust* against trustees of an estate, for mismanagement and waste, and for an accounting, the court, on the hearing, dismissed the bill as to one of the defendants, and referred the cause to the master to take an account against the other, after which the court, on complainant's motion, dismissed the bill without prejudice as to the other trustees defendant: *Held,* that no appeal or writ of error would lie to review the first order of dismissal, until final decree on the merits as to the other trustee, who was a necessary party.

5. SAME—*when interlocutory decree becomes final.* Where a bill seeks both temporary and permanent relief, if the prayer for permanent relief is abandoned, the decree or order on the temporary relief will become final, so that it may be reviewed on appeal or writ of error.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

This was a bill in equity, exhibited by the appellants, against the appellees, Jason C. Ayres, Maria Hutchinson and John V. Thomas, in the circuit court of Cook county, in which it is alleged that the complainants are the children and heirs at law and legatees of John P. Hutchinson, deceased, late of Dixon, in Lee county; that said John P. Hutchinson died about December 30, 1872, and left a last will, which was duly probated in the county court of Lee county, January 2, 1873; that orators are the beneficiaries in said will mentioned; that in his said will said Hutchinson bequeathed to each of his children the sum of $10,000, which defendants Maria Hutchinson and Jason C. Ayres, the trustees and executors therein named, were directed, as soon as each of orators should attain the age of eighteen years, to take out of the principal of his estate, and to hold for said orators; that the interest and income of said $10,000 should be paid to orators till they respectively attained the age of twenty-six years, when the principal should be delivered to them, and all the residue of said estate of the testator was devised to defendant Maria Hutchinson, for the period of her life, the income and proceeds to be enjoyed by her during life, without waste or encroachment, however, on the principal, and upon her death the whole estate should be divided among orators, his children, in equal portions; that defendants Ayres and Hutchinson accepted the trusts imposed upon them by said will, and duly qualified as executors of said will, and letters testamentary were issued to them; that defendants reduced the personal estate to possession, and collected the income of realty and took charge of the estate; that Ayres acted as sole manager, and assumed control of the estate; that said Maria Hutchinson had but little knowledge of affairs, and trusted

everything to said Ayres; that the inventory filed by said executors of the assets of said estate showed that they had in their hands property to the value of about $58,000; that the entire debts of the estate amounted to only $800; that all of orators have long since attained the age of eighteen years, and are still under the age of twenty-six years, yet no sum has been set apart for them and no interest paid to them; avers that defendants have wasted and squandered the estate, so that only about $30,000 remains of the same, and that the great bulk of said estate was in good interest bearing securities; that although the will provides that no encroachment should be made on the principal of said estate, yet they have permitted over one-half of said estate to be wasted and spent; avers that certain accounts were, from time to time, presented by the executors to the county court of Lee county, and approved, but such accounts were approved without notice to them, and are not binding upon them, and that said accounts are not true and just accounts, but are incomplete, false and untrue; that said accounts credit said executors with moneys spent by defendant Maria Hutchinson out of her private estate, and with money paid out by her for her private use; that although the will provides that said Maria Hutchinson should only spend the income of said estate, yet said Ayres paid her large sums of money for her own use, when there was in fact no money applicable to the individual use of said Maria; that on October 6, 1876, Ayres presented his resignation as executor, and pretended to resign the trusts imposed upon him by said will, and his resignation as executor was accepted, but not as trustee; that thereupon said Maria Hutchinson became sole executrix, but orators aver that all the duties of said defendants as executors had been fulfilled and all the debts paid, and they held the estate as trustees, and the resignation of Ayres was void and of no effect; that on July 11, 1877, said Ayres, who was a surety on the bond of Maria Hutchinson, well knowing

that the estate was being wasted and squandered, withdrew from the bond of said Maria, and she was removed as executrix, and John V. Thomas was appointed by the county court administrator *de bonis non* of said estate; but they charge that the appointment of said Thomas was null and void, as there were no duties for said executor to perform, and the trustees having accepted, could only be relieved from duty in a court of equity; that Thomas now has possession of the remainder of the estate; that said defendants Ayres and Thomas refuse to come to a just accounting with orators, but set up the approval of the accounts by the county court as an estoppel on orators, but orators say that even if such accounts were final, orators were all minors when said accounts were approved, and could not be estopped; that by reason of the approval of the accounts of said executors and said administrator *de bonis non,* orators can not bring them to an account in the county court, and are without remedy, save in a court of equity, therefore pray that defendants may be summoned and to account, and that an accounting may be had under the direction of a court of equity, and that Thomas may be decreed to pay to orators all the funds in his hands.

Summons was issued to the sheriff of Cook county, and served by him on the defendant Maria N. Hutchinson, and an *alias* summons was issued to the sheriff of Lee county, and served on the defendants Ayers and Thomas. Ayres answered, admitting that he was appointed executor jointly with Maria N. Hutchinson, and that he qualified as such executor, and that he subsequently resigned as executor, but denying that he ever accepted the position of trustee. He alleged that the bulk of the estate never was in his hands, and denied all the other material allegations of the bill. Answer was filed by Thomas, putting in issue the allegations of the bill as to him.

The court, on hearing, decreed that the bill of complainants be dismissed as to the defendant Ayres, for want of equity,

and the defendant Maria N. Hutchinson was declared guilty of waste, and the cause was referred to the master in chancery to state an account as to her, and thereupon the complainants prayed an appeal to the Appellate Court for the First District. . And afterwards, on complainants' motion, it was ordered that the bill of complaint be dismissed as to John V. Thomas and Maria N. Hutchinson, without prejudice, however, as to any suit at law complainants might be advised to bring, and vacated the decree theretofore entered as to Maria N. Hutchinson. At a subsequent day, a stipulation was entered into between counsel for the complainants and counsel for Maria N. Hutchinson, to the effect that complainants' bill should be so amended as to allow them to reinstate the bill as to her at any subsequent day. The Appellate Court affirmed the decree of the circuit court.

Mr. I. K. BOYESEN, and Mr. THOS. DENT, for the appellants:

The dismissal of the bill as to Thomas and Hutchinson after the decree had been entered up as to Ayres, does not estop complainants from assigning error on the decree in favor of Ayres. *Weaver* v. *Poyer*, 70 Ill. 568; *Life Ins. Co.* v. *Manufacturing Co.* 97 id. 544.

The devisee of the income for life was not entitled to the possession or exclusive control of the *corpus* of the fund. *Welch* v. *Savings Bank*, 94 Ill. 191; *Field* v. *Hitchcock*, 17 Pick. 182; *Hooper* v. *Bradbury*, 133 Mass. 303; *Clark* v. *Clark*, 8 Paige, 122; *Cairns* v. *Chanbert*, 9 id. 159.

Even if Ayres did not personally waste the fund, if he did not exercise reasonable diligence in preventing the executrix from wasting it, he is personally liable. *Earl* v. *Earl*, 93 N.Y. 104; *Booth* v. *Booth*, 1 Beav. 125; *Lincoln* v. *Wright*, 4 id. 427.

It is the duty of co-trustees to protect the estate against each other. Hill on Trustees, 478; 3 Williams on Executors, 1932; *Covenhoven* v. *Shuler*, 2 Paige, 121; *Johnson* v. *Corbett*,

11 id. 265; *Laroe* v. *Douglas,* 13 N. J. Eq. 308; *Schenk* v. *Schenk,* 16 id. 174.

Co-administrators are liable for each other's acts. *Marsh* v. *People,* 15 Ill. 278.

Where stores were rented out by one of two executors, and he misappropriated the rents, it was held that both were liable, as the other could have prevented misappropriation by reasonable care. *Foute's Exrs.* v. *Norton,* 36 Miss. 355.

If trustees do any act which takes the property out of the joint control of all and place it within the control of one, they become liable for the acts of the persons in whose hands the funds are placed. *Clough* v. *Bond,* 3 M. & C. 491; Hill on Trustees, 473, 474, 478; *Langford* v. *Gascoyne,* 11 Ves. 333; *Brice* v. *Stokes,* id. 319; *Sparhawk* v. *Buell,* 9 Vt. 41; *Morrell* v. *Morrell,* 9 Johns. Ch. 283; *Wilson* v. *Fischer,* 1 Hals. Ch. 495.

The executors gave a joint bond and settled joint accounts. By so doing they admitted joint possession of the property, and are estopped from denying it. *Laroe* v. *Douglas,* 13 N. J. Eq. 308; *Ducommon's Appeal,* 5 Harr. 268; *Clark's Appeal,* 6 id. 175; *Hengst's Appeal,* 12 id. 413.

Messrs. EDSALL & EDSALL, for the appellee:

Upon the bill, as framed, Mrs. Hutchinson and Thomas were necessary parties. After the voluntary dismissal of the bill as to these parties, the circuit court could not proceed to a decree against Ayres, as sole defendant. Story's Eq. Pl. sec. 541.

Neither Thomas nor Mrs. Hutchinson is a party to this writ of error. A reversal and remandment as to Ayres would not be a reversal and remandment as to them. The cause would go back, with Ayres as sole defendant.

The order of the circuit court dismissing the bill as to these defendants, can not be treated as a mere formality. An appeal or writ of error would not lie from the decree dismiss-

ing the bill as to Ayres, until there was a final decree as to the other defendants. *International Bank* v. *Jenkins,* 109 Ill. 219; *Thompson* v. *Follansbee,* 55 id. 427.'

Proof of the will, and acting as one of the executors thereof, was not an acceptance of the position of trustee for the children under the provisions of this will. 1 Perry on Trusts, sec. 262; *Wheatley* v. *Badger,* 7 Pa. St. 459; *Williams* v. *Cushing,* 34 Me. 370; *Deering* v. *Adams,* 37 id. 265; *Jones' Appeal,* 3 Grant's Cas. 169; *Perkins* v. *Lewis,* 41 Ala. 649; *Martin* v. *Barnard,* 33 Ga. 520; *Leavitt* v. *Wooster,* 14 N. H. 550; *Sims* v. *Lively,* 14 B. Mon. 348.

One executor is not responsible for the defaults or waste of funds of the estate committed by his co-executor, unless he in some manner aided or concurred therein. *Ormiston* v. *Olcott,* 84 N. Y. 339; *Sutherland* v. *Brush,* 7 Johns. Ch. 11; *Kerr* v. *Kirkpatrick,* 8 Ired. Eq. 137; 2 Williams on Executors, *1641, *1655.

Messrs. W. & W. D. BARGE, also for the appellee :

One executor or trustee is not responsible for any waste by his co-executor or co-trustee, unless he has encouraged it. *Kerr* v. *Kirkpatrick,* 8 Ired. Eq. 137; *Ochiltree* v. *Wright,* 1 Dev. & Bat. 338; 2 Williams on Executors, *1641, *1655; *Peter* v. *Beverly,* 10 Pet. 532; *Brazer* v. *Clark,* 5 Pick. 96; *Davis* v. *Walford,* 2 Carter, (Ind.) 88; *Ray* v. *Daugherty,* 4 Blackf. 115.

The fact that executors join in the probate of the will or take out joint letters testamentary, will not make one liable for the default or misconduct of the other. *Mesrow* v. *Peyton,* 8 Leigh, 54; *Balchen* v. *Scott,* 2 Ves. Jr. 678.

One executor is not responsible for permitting the other to receive the assets of the estate when he has no reason to believe that they will not be safe in his hands. *Langford* v. *Gascoyne,* 11 Ves. 333; *Hargthorpe* v. *Milforth,* Cro. Eliz. 318; *Peter* v. *Beverly,* 10 Pet. 532; *McRim* v. *Aulback,* 130 Mass.

481; *Ormiston* v. *Olcott,* 84 N. Y. 339; *Sutherland* v. *Brush,* 7 Johns. Ch. 22; *Monell* v. *Monell,* 5 id. 283; *Manahan* v. *Gibbon,* 19 Johns. 427; *Williams* v. *Maitland,* 1 Ired. Eq. 92; *Fennimore* v. *Fennimore,* 3 N. J. Eq. 292; *Worth* v. *McAden,* 1 Dev. & Bat. Eq. 190; *Noland* v. *Colvit,* 20 Mass. 273; *Banks* v. *Wilkes,* 3 Sandf. Ch. 99; *Clark* v. *Jenkins,* 3 Rich. Eq. 318; *White* v. *Bullock,* 20 Barb. 91.

The defendant's co-executor, Maria N. Hutchinson, was entitled to the possession, and had the control and disposal of the assets of the estate, under and by virtue of the provisions of the will. The defendant, Ayres, never accepted the office or position of trustee under this will, and he never acted in that capacity.

The offices of trustee and executor are distinct, and if it appeared from the will that the testator intended to give his trustees a distinct and independent character, probate of the will by his executors will not make them trustees. *Wheatley* v. *Badger,* 7 Pa. St. 459; Perry on Trusts, sec. 262; *Judson* v. *Gibbons,* 5 Wend. 226; *Williams* v. *Cushing,* 34 Me. 370; *Deering* v. *Adams,* 37 id. 265; *Knight* v. *Loomis,* 30 id. 204; *Hanson* v. *Worthington,* 12 Md. 418.

The dismissal of the bill as to necessary parties is fatal, and the bill must then be dismissed as to all. *Moore* v. *Simpson,* 5 Litt. 49; *Bowen* v. *Idley,* 6 Paige, 46; Barbour on Parties, 548.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The rule, as laid down in Perry on Trusts, (2d ed.) section 876, is: "If the *cestuis que trust* bring a suit against the trustees, praying for relief, all the trustees ought to be made parties, in order that, as each *co-trustee* is liable to the *cestuis que trust,* the court may do complete justice, so far as possible, by taking the accounts once for all, and by adjusting the liabilities of the co-defendants, and thus obviate the

necessity of ulterior proceedings and a multiplicity of suits. The *co-trustees* ought to be made parties, (although the equities between themselves can not be adjusted,) for the reason that the decree of relief to the *cestuis que trust* is the foundation of the relief to the co-trustees *inter sese;* and if any of the trustees are not parties to the first suit by the *cestuis que trust,* they will not be bound by the decree, and the whole subject matter will, of course, come under litigation for the second time." There are exceptions to this rule, as, where one of the trustees has disclaimed the office, or has been discharged, he may not be made a party; and so where a breach of trust is in the nature of a tort, for which there could be no contribution as between the defaulting trustees, they need not all be joined as defendants in a bill for the breach. (Ibid.) But none of the exceptions are pertinent here. Hill on Trustees, 813, *521. .

*Perry* v. *Knott,* 4 Beav. 179, is almost ·identical with the present case, except that the question of the want of proper parties was there raised by plea, while here, by the action of· the complainants in first including all the parties, and then, after the hearing, dismissing as to Mrs. Hutchinson, the defendant has had no opportunity, until now, to raise that question. The remarks of the Master of the Rolls there, in regard to the complainant and Mrs. Howell, are strictly applicable to the complainants and Mrs. Hutchinson here. He said, among other things: "One can not help seeing that in this case the child of Mrs. Howell, who, most probably, had the benefit of the breach of trust, is, by this suit, seeking to call upon the co-trustees of Mrs. Howell, alone, for payment of the money, without giving them the opportunity of . recovering the amount from her estate, which received it. This does not appear to me to be just or equitable, and certainly is not in conformity with the decision of this court." See, also, *Rooke* v. *Kensington,* 39 Eng. L. & Eq. 76; Barbour on Parties, (2d ed.) 740, *530.

Mrs. Hutchinson being a necessary party, no appeal or writ of error lies upon the decree until there is a final decree as to her. *International Bank* v. *Jenkins,* 109 Ill. 219; *Thompson* v. *Follansbee,* 55 id. 427.

The case is not analogous to those wherein it has been held that a party may, by a voluntary dismisssal, cause a preliminary and interlocutory decision to become final. In those cases the bill seeks both temporary and permanent relief, and where the prayer for permanent relief is abandoned, the decree on the prayer for temporary relief becomes final. In such cases the decree in the prayer for temporary relief is precisely the same that it would be in the prayer for permanent relief; but here the order dismissing, on the complainants' motion, as to Mrs. Hutchinson, is, in its effect, directly the reverse of the effect of that indicated by the court in the interlocutory decree rendered before the dismissal. No final decree on the merits of the case is rendered against him, nor can there be, so long as this order remains in force, whatever may be the equitable rights between the parties. If it should be that, in the judgment of this court, Ayres is liable on account of the default of Mrs. Hutchinson, as the record now stands she will not be concluded by that opinion, and consequently will not be concluded by any decree rendered pursuant thereto. Ayres can not be deprived in this way of the right of insisting that his *co-trustee* shall be a party with him, and concluded, as well as himself, by any decree that may be rendered in the case.

Inasmuch as no final decree has been rendered in the case, the appeal to the Appellate Court was premature.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*