## John E. Maley v. Lake Erie & W. R. R. Co.

1. FINAL JUDGMENT—*When a Writ of Error Will Not Lie.*—A writ of error will not lie except from a final order of court. If a suit is dismissed as to one or more parties, a writ of error can not be prosecuted until there has been a final disposition of it as to all the other parties.

2. PRACTICE—*Reviewing Causes by Piecemeal.*—A cause can not be reviewed as to one party at one time and as to another party at another time.

Action in Case, for personal injuries. Appeal from the Circuit Court of Knox County; the Hon. John J. Glenn, Judge, presiding. Heard in this court at the May term, 1899. Opinion filed July 20, 1899.

J. A. McKenzie and A. M. Brown, attorneys for appellant.

Stevens, Horton & Abbott, attorneys for appellee, contended that the appeal should be dismissed.

An examination of the record shows that only part of the case was appealed to this court; that George Gray, the other defendant, filed a plea of not guilty, and that the issue so made by him is still pending, undisposed of, in the court below. In view of that fact this appeal should be dismissed. The rule is that a case can not be pending partly in the Appellate and partly in the Circuit Court. Appellant has no right to have this court consider the judgment quashing the writ as to the railroad company until the case has been disposed of in the Circuit Court as to the other defendant. Hoffman, etc., Co. v. Haxton, etc., Co., 18 Ill. App. 484; Thompson v. Follansbee, 55 Ill. 427; Packer v. Roberts, 44 Ill. App. 232; International Bank v. Jenkins, 109 Ill. 219; Hutchinson v. Ayres, 117 Ill. 558; Bucklen v. City of Chicago, 166 Ill. 451; People v. McFarland, 3 Ill. App. 237.

The same rule is recognized in other States, and applies both to common law and chancery cases. Martin v. Crow, 28 Tex. 613; Masterson v. Williams (Tex.), 11 S. W. 531; Chadwick v. Ober, 70 Pa. St. 264; Hohorst v. Hamburg, etc., Packet Co., 148 U. S. 262.

Mr. Justice Higbee delivered the opinion of the court.

This was a suit in case brought by appellant against appellee and one George Gray, in the Circuit Court of Knox County, to recover damages for injuries alleged to have been received by appellant on account of the failure of appellee and said Gray to furnish him with a certain ticket for a state room on a boat plying between Sandusky, Ohio, and Niagara Falls.

Maley v. L. E. & W. R. R. Co.

It was alleged by appellant that he purchased of said Gray, as agent for appellee, transportation from Peoria, Illinois, to Niagara Falls, New York, at the same time paying him extra for a state room for that portion of the trip which was to be made by the steamship between Sandusky and his destination. That on the steamship he was refused the accommodation of a state room and was obliged to lie all night on the bare floor of the cabin without cover and thereby incurred a severe cold, which caused the injuries complained of.

Service was had upon the defendant George Gray in Knox county and upon appellee in Peoria county. The defendant Gray demurred to the declaration, and his demurrer being overruled, afterward filed a plea of the general issue. Appellee filed a plea in abatement to the jurisdiction of the court to which appellant demurred. This demurrer was overruled, the plea in abatement sustained and judgment entered quashing the writ as to appellee. Judgment was also at the same time rendered against appellant for costs. From this judgment the appellant appealed to this court, while the case was continued and still remains undisposed of in the Circuit Court as to said Gray. In this court a motion was entered by appellee to dismiss the appeal, because, as a part of the case is still undisposed of in the Circuit Court, there is no final judgment to be appealed from.

We are of opinion this motion must be sustained, otherwise a part of the case would still be pending for trial in the Circuit Court, while the rest of the case is being considered by this court.

In the case of Thompson v. Follansbee, 55 Ill. 427, which is a leading case upon the subject, it was said:

" It is a well settled rule that a writ of error will not lie except to a final order of court. If the bill is dismissed as to one or more parties, the complainant can not prosecute a writ of error until there has been a final disposition of the case as to all other parties. A cause can not be reviewed as to one party at one time and as to another party at another time."

It was also said in the case of Farson v. Gorham, 117 Ill. 137, that "this court has often decided that a case can not be heard here by piecemeal."

This doctrine is approved in Hutchinson v. Ayres, 117 Ill. 558, Bucklen v. City of Chicago, 166 Ill. 451, and a number of other cases in this State. Most of the cases reported, in which this doctrine has been applied in this State, are suits in chancery, but the same rule was followed in the case of People v. McFarland, 3 Ill. App. 237, which was a proceeding by *scire facias* upon a forfeited recognizance, and in Freeman on Judgments, Sec. 28, it is stated as a general rule that "a judgment determining the rights of some of the parties is not final so as to authorize an appeal until it has settled the rights of all the defendants.

Substantially the same rule is applied to cases at law in Martin v. Crow, 28 Tex. 613, and Chadwick v. Ober, 70 Pa. St. 264. It is true that an exception to the general rule has been recognized in certain cases where, owing to peculiar circumstances and hardships, the courts have refused to dismiss appeals from judgments which did not completely dispose of the cases in which they were entered. Freeman on Judgments, Sec. 35.

The case, however, must come clearly within the exception to take advantage of it. In Bucklen v. City of Chicago, *supra*, where an appeal had been taken by certain parties, leaving the cause still pending in the Circuit Court as to another party, the following language was used:

"It seems to us clear that if the complainants can maintain this appeal, then, in every case where a decision is made, interlocutory or otherwise, as to one defendant, the complainant or plaintiff may leave the cause in the trial court and prosecute his appeal to the Appellate Court or this court, and plainly render nugatory the general rule upon the pretext that his cause is an exception thereto."

No reason is shown by counsel nor does any appear from the record why this case should be an exception to the general rule. The motion will therefore be sustained and the appeal dismissed.