## David T. Sharples et al., Impleaded, etc., v. L. A. Baker.

1. APPEALS—*Can Be Prosecuted Only When the Statute Has Conferred the Right.*—An appeal can be taken only where the statute has conferred the right.

2. SAME—*From Interlocutory Orders Granting Injunctions.*—The only statute authorizing an appeal from an interlocutory order granting an injunction is the act of June 14, 1887. (Laws of 1887, 250.) And such appeal can be taken only while the order granting it remains in force.

3. SAME—*From Orders of a Circuit Judge in Vacation.*—The statute does not authorize an appeal from the order of a circuit judge in vacation.

4. CHANCERY PRACTICE—*A Demurrer Admits the Truth of the Bill and Dispenses with a Verification.*—A demurrer admits the allegations of the bill and while it is pending it is immaterial whether or not the verification of the bill is sufficient.

Bill for an Injunction.—Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the October term, 1901. Appeal dismissed. Opinion filed January 24, 1902.

ARTHUR W. UNDERWOOD, attorney for appellants.

BOTSFORD, WAYNE & BOTSFORD, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The record before us discloses that on January 25, 1901, L. A. Baker filed a bill in equity in the court below against the Elgin Manufacturing Company, D. T. Sharples and C. S. Carlisle, with an order for an injunction indorsed thereon by a circuit judge. Baker gave bond as in the order provided, and an injunction was issued which was served upon Sharples and Carlisle. Baker, Sharples and Carlisle were the directors and officers of the corporation, and the bill and injunction related to its affairs and control. On January 29, 1901, Baker filed a supplemental bill against the same defendants, with an order for an injunction indorsed thereon by a master in chancery, under which order Baker filed another bond and another injunction was issued, which was served on January 29th upon Carlisle, Sharples not being found. On that day a solicitor entered the appearance of all the defendants in the cause. On February 1st Sharples and Carlisle filed a motion to dissolve the injunction issued under the original bill, a special demurrer to said bill, and a motion to dissolve the injunction issued under the supplemental bill; the corporation filed a special demurrer to the original bill, and all the defendants joined in a special demurrer to the supplemental bill. On February 5th, at the February term of the court below, the motion to dissolve the original injunction was heard and an order was entered denying the motion to dissolve, but modifying and restricting the original injunction. On February 7th there was filed in said cause with the clerk of the court below, and that officer approved, an appeal bond dated February 6th, in the penal sum of $200, executed by Carlisle for himself and as attorney in fact for Sharples, and by a surety, which bond recited an appeal by Sharples and Carlisle from the injunction order of January 25th. Upon this record Sharples and Carlisle assign errors relating solely to said order of January 25th.

1. It appears from this record that the order of January

25th, from which Sharples and Carlisle have here attempted to appeal, was entered in vacation. The first page of the record describes it as a record of pleas "in vacation before a term," etc. The order for an injunction is indorsed upon the bill, implying an order of a judge in vacation, and not of the court in term time. (R. S., Chap. 69, Sec. 1.) Two of the eighteen reasons specified in the motion to dissolve the original injunction are based upon the alleged fact that the judge was outside the county when he signed the order. The appeal recites it is given on an appeal from an injunction order procured on January 25, 1901, "in the Circuit Court of Kane County in the State of Illinois aforesaid, in vacation thereof." Appellant's abstract interprets the record as showing proceedings "in vacation before the February term, 1901." Appellants did not obtain any order in the court below, granting them an appeal from said order of January 25th, and did not file their appeal bond pursuant to any leave of that court. An appeal can be prosecuted only when the statute has conferred the right. The only statute which permits an appeal from an interlocutory order of this nature is the act of June 14, 1887. That statute does not allow an appeal from an order of a circuit judge in vacation. (Greve v. Goodson, 142 Ill. 355; Hawkins v. Burwell, 191 Ill. 389.) It follows that the acts of Sharples and Carlisle in filing a bond in the court below, and of the clerk of that court in approving it, did not create an appeal; and the record and the assignment thereon of errors supposed to have entered into said order of January 25th relate to matters which this court has no authority to review at this time.

2. This record disclosed another reason why this appeal ought not to be entertained. The original injunction restrained Carlisle from acting as general manager of the corporation; from interfering with Baker as general manager thereof, and from interfering with or controlling the employes of the corporation at its plant. It restrained both Sharples and Carlisle from acting under the proceedings of a pretended meeting of the board of directors of the corporation held on January 24, 1901, and from holding a

special meeting of the stockholders of the corporation at Chicago on January 25th; and in case said last named meeting was held before notice was served upon them they were restrained further from acting or performing any duties provided for in the proceedings of such meeting, and from holding or establishing the principal office of the corporation in Chicago in pursuance of any proceeding had or which might be had in reference thereto. It further enjoined Carlisle and Sharples from interfering with Baker in the management with them, except under the first election of directors, until the court should order to the contrary, and it commanded Carlisle and Sharples to return the books, papers, charter and seal of the corporation to its principal office in Elgin. On February 5th, in term time, upon a hearing of appellant's motion to dissolve the injunction of January 25th, an order was entered modifying and restricting said injunction. That order, as copied into this record, is somewhat incoherent, but we understand it to mean that the injunction of January 25th is to remain in force only so far as it restrains defendants from acting under the proceedings of the pretended meeting of the board of directors, held on January 24th. Those portions of the original injunction which related to a special stockholders' meeting in Chicago, and to removing the principal office to Chicago, and which restrained Sharples and Carlisle from interfering with Baker in the management with them, except under the first election of directors, and which commanded Sharples and Carlisle to return the books, papers, charter and seal of the corporation to its principal office at Elgin, appear to have been in effect dissolved, except so far, if at all, as those acts depend for their validity upon the proceedings taken at the meeting of January 24th.

The statute of June 14, 1887, allows an appeal within thirty days from an interlocutory order granting an injunction. We are of opinion, however, that such an appeal can only be taken while the order remains in force. After subsequent pleadings have been filed, a motion to dissolve

made and heard, and the original order essentially modified, and the situation existing at the time the original order was made materially changed by the action of the defendants, we conceive it was not intended to permit the defendants to thereafter appeal from the original order as if it were still in full force, and as if it were unaffected by what had occurred later on defendants' own motion. Suppose we entertain this appeal, and conclude the original injunction was in fact erroneous in every respect in which the court dissolved it, and in all other respects warranted by the allegations of the bill. What order shall we enter? Shall we reverse either the whole order or the erroneous portions, when those errors had been already cured by the action of the court below on appellants' own motion before they took this appeal? We think appellants could not be entitled to such a judgment here, and yet that would be the logical result of their contention, that they can appeal from the original order after they have procured its modification. It may, however, be said the statute warrants their appeal within the thirty days from so much of the original order as still remains in force. But even as to that part of the order appellants caused a change in the situation after the order was entered and before they undertook to appeal. It is strongly urged that the affidavit verifying the original bill of complaint is fatally defective because of the absence therefrom of two essential words. The argument of appellants on that point is strong. It is a serious question whether the affidavit is sufficient. But appellants afterward filed a demurrer to the bill, and the cause was pending upon that demurrer when this appeal was attempted, and may be still so pending. By that demurrer the defendants admitted the allegations of the bill. While that demurrer is pending it is immaterial whether the verification of the bill is sufficient. Appellants can not be heard to say, "We admit the truth of the facts alleged, but they are not properly verified." It may have been reversible error to order this injunction on the affidavit attached to the bill, but that error was obviated, for the time being at least,

Sharples v. Baker.

when defendants confessed of record that the allegations of the bill were true. If that demurrer should be overruled and defendants should elect to stand by it, it would not again become material whether the affidavit attached to the bill was sufficient. (Gage v. Smith, 79 Ill. 219; Rowe v. People, 96 Ill. App. 438.) Again, appellants argue the order of January 25th should be reversed because it directed the clerk of the court to pass upon the sufficiency of the sureties upon the injunction bond, whereas it is contended the statute requires the judge or court making the order to approve the security. Suppose this to be conceded. Defendants in their motion to dissolve made this point prominent. It was passed upon by the court February 5th. While the judge did not then indorse an approval upon the bond, yet his refusal to dissolve the injunction for that reason may have been because he then examined the bond and determined its security was adequate. However erroneous in that respect the original order may have been, we can not say it is so after the question of the sufficiency of the security on the bond has thus been brought to the consideration of the court below by the action of appellants themselves. Before the appeal was taken defendants had also filed a demurrer confessing the allegations of the supplemental bill. In many cases such confession would furnish further reason why the original order could not thereafter be appealed from by the defendants even if originally based upon an insufficient showing. We conclude that the original order has been so far modified by the procurement of appellants, and the situation then existing has been so far changed by their affirmative action, that the question whether the original bill and affidavit justified the original order is no longer subject to review upon appeal from said original order, even if it had been entered in term time. The appeal is therefore dismissed.