# Washington M. Dillon v. Sarah Randall Griswold, et al.

## General No. 4,439.

1. FINAL ORDER—*what not, for purposes of appeal.* An appeal does not lie from an order dismissing a bill as to one of several defendants while the same remains pending as to another defendant, except in case of great hardship.

Bill in chancery. Appeal from the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1904. Appeal dismissed. Opinion filed March 8, 1905.

C. L. & C. E. SHELDON and A. A. WOLFERSPERGER, for appellant.

WALTER STAGER and JOHN M. STAGER, for appellees.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Whiteside County, dismissing a bill in equity filed by appellant against Sarah R. Griswold personally and also as executrix of J. Wool Griswold, her deceased husband, and against the Dillon-Griswold Wire Co.

The bill alleges that appellant and J. Wool Griswold, having agreed to organize a corporation, for the purpose of manufacturing barb wire, nails and wire fence, in the city of Sterling, entered into a certain written contract which provided, among other things, that each of the two contracting parties should have the naming of two of the five directors, the other to be elected in the usual way. That in the election of these directors, each party should have the privilege of voting the shares of stock held by the other to insure the election of the directors named by the parties to the contract; that in case either party desired to sell his stock the other was to have a sixty days option to buy it, and in case they failed to agree on the price, appraisers were to be chosen to value it.

The fifth clause of the agreement is as follows : " In case of the death of either party hereto the survivor shall have the right and privilege of purchasing, on the part of said Griswold, either all of the shares then owned by said Dillon's estate, or enough of said shares to give said Griswold, with his own holdings, a majority of the entire stock, and on the part of said Dillon, either all of the shares then owned by said Griswold's estate or enough of said shares to give said Dillon, with his own holdings, a majority of the entire stock; in either case, notice of election to purchase to be given to the representatives of the deceased within six months following the death; and the price to be paid shall be ascertained by one appraiser to be named by the survivor and one appraiser to be named by

the representatives of the deceased, the said appraisers to select a third in case of their inability to agree."

There were other provisions in the contract but they are unimportant here.

The bill charges that the corporation was duly organized with a capital of $300,000 in the year 1896, and that appellant and J. Wool Griswold became the owners of the major part of the stock and that appellant managed and controlled the company, until April, 1902; that J. Wool Griswold died January 2, 1902, leaving a will, by which Sarah Randall Griswold, his wife, was made executrix and sole legatee of his stock in the Dillon-Griswold Co.; that in six months next after the death of said J. Wool Griswold, appellant sought to exercise his option under clause five of the contract to buy the shares of stock owned by J. Wool Griswold at the time of his death, but the widow and executrix refused to sell to him, or to appoint an appraiser to value the same or in any way to recognize any right of appellant under the contract to buy the same. It is alleged that one Chester Griswold, of New York, has been authorized by the executrix to vote the stock held by her, and that with the stock held and owned by him in his own right this stock gave him control of a majority of the shares, and that at a meeting of stockholders held April 27th, said Chester Griswold caused himself to be elected as a director and appointed treasurer of said company with a salary of $10,000 per annum, and caused other persons under his control, to be elected on the board of directors; that he caused a resolution to be passed providing that all checks must be signed by the treasurer as well as the general manager, thus causing all checks to be sent to New York before they could be executed. It is charged that a general manager and an assistant have been appointed who are inexperienced and incapable of successfully managing the business of the company; that since the company has come under the management and control of Chester Griswold it has been losing money and the stock has been greatly depreciated in value.

Appellant avers that while he was manager of the business it became necessary to borrow $25,000, and that he became personally liable as indorser of the note; that the present managers have allowed the note to go to protest, and appellant fears that he will be compelled to pay the note unless the affairs of the company are put into the hands of a receiver, who will properly manage the same pending a settlement of appellant's rights.

The prayer of the bill is that Sarah R. Griswold be compelled to specifically perform the agreement in relation to the sale to appellant of a sufficient number of shares to give him control of the stock, and that the court will either appoint appraisers to value the same or hear evidence and fix a value to be paid by appellant for the stock; that the company be compelled to make a transfer on its books by issuing new certificates to appellant in lieu of those to be bought by him from Sarah Griswold. The corporation appeared and answered the bill and made up an issue of fact; Sarah Griswold, for herself and as executrix filed a demurrer to the bill which was sustained, and appellant electing to stand by his bill, it was dismissed as to her. The case was then referred to the master in chancery to take proofs on the issue made by the answer of the corporation, and appellant excepted to the decree of the court dismissing the bill as to appellee and brings the case here by appeal.

It appears from the foregoing statement that this cause is still pending and undetermined in the Circuit Court so far as the Dillon-Griswold Co. is concerned.

Is the order dismissing the bill as to one defendant, appealable to this court, while the cause is still pending in the Circuit Court as to the other defendant?

Sec. 68, ch. 110, Hurd's R. S., 1903, provides: "Appeals from and writs of error to circuit courts, the Superior Court of Cook County and the city courts, and from other courts from which such appeals and writs of error may be allowed by law, may be taken to the appellate courts from all final judgments, orders and decrees except as herein-

Dillon v. Griswold.

after stated." In Chicago & Northwestern Ry. Co. v. City of Chicago, 148 Ill. 153, the court say: "A judgment or decree is said to be final when it terminates the litigation between the parties on the merits of the case, so that, when affirmed by the reviewing court, the court below has nothing to do but to execute the judgment or decree it had already entered." See also, Lewis v. New Music Hall Co., 100 App. 415.

Until a final order or decree is entered no appeal can be prosecuted. Coates v. Cunningham, 80 Ill. 467; Tolman v. Jones, 114 Id. 147; Brodhead v. Minges, 198 Id. 513.

In Thompson v. Follansbee, 55 Ill. 427, which was a bill for partition, it was held that where a part of the defendants demurred to the bill, which was sustained and the bill dismissed as to them, and the complainant appealed, that the order dismissing the bill was not a final order within the meaning of the Practice Act above cited.

Bucklen v. City of Chicago, 166 Ill. 451, was a bill in chancery against the City of Chicago and the Illinois Central Railroad Company. The railroad company answered the bill; the city demurred, which was sustained by the court, and the complainant electing to abide by its bill, it was dismissed, from which an appeal was taken and it is there held that the appeal was premature and accordingly dismissed.

Dreyer v. Goldy, 171 Ill. 434, is another case which cannot be distinguished from the case at bar; that was a bill for an accounting, and part of the defendants answered and others demurred, and the bill was dismissed as to those defendants whose demurrer had been sustained. Following the previous cases cited above the Supreme Court dismissed the appeal.

In Pain v. Kinney, 175 Ill. 264, it is held that an order dismissing a bill as to part of the defendants is not final, and the complainant cannot appeal until there has been a final disposition of the case as to all of the others. There is an exception recognized to this general rule, where great hardships or a denial of justice would result from its

enforcement.    This exception is recognized in Bucklen v. City of Chicago, *supra*, and by this court in Peoria, Decatur & Evansville Ry. Co. v. Pixley, 15 App. 283, and in Crouch v. First Nat. Bank of Chicago, 47 App. 574.

No reason occurs to us, and none has been suggested, which would bring this case within the exception; the appeal is therefore dismissed.

*Appeal dismissed.*