## The People of the State of Illinois, Appellant, v. George M. Jamison et al., Appellees.

### Gen. No. 4,962.

1. PARTIES—*who may, who may not, be joined in action upon joint and several obligation.* At common law, on a joint and several obligation executed by more than two persons, one or all of the surviving obligors may be sued, but not an intermediate number.

2. APPEALS AND ERRORS—*what not final judgment.* In an action upon a joint and several obligation a judgment against part of the defendants is not final so long as the action remains pending as to other defendants.

Action of debt. Appeal from the Circuit Court of Henderson county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the April term, 1908. Appeal dismissed. Opinion filed April 15, 1908.

W. H. STEAD and JAMES W. GORDON, for appellant; L. H. HANNA, of counsel.

SAFFORD & GRAHAM and CHARLES J. SCOFIELD, for appellees.

Mr. Presiding Justice Thompson delivered the opinion of the court.

This is an action of debt brought on the collector's bond of Truman C. Allen, sheriff and *ex officio* collector of Henderson county, against Truman C. Allen, Robert Hodson, George F. Galbraith, George M. Jamison, Henry N. Ives, Thomas Maley, C. Henry Brainard, John Marshall, Robert W. Marshall, James C. Hogue, William Adair, together with Mary Thompson and G. M. McGaw, administrators of the estate of Joseph Thompson, deceased, and Edward Stine, executor of the last will of John Stine, deceased, to recover certain tax moneys alleged to have been paid to said Truman C. Allen by his predecessor in office, Joseph P. Morey, and to have been received by Allen by virtue of his office as collector as the successor of Morey. The record shows that process of summons was duly served upon Truman C. Allen, Robert Hodson, Henry N. Ives, George F. Galbraith, Thomas Maley, C. Henry Brainard, William Adair, John Marshall, Robert W. Marshall, Edward Stine, executor of the last will of John Stine, and George M. McGaw and Mary Thompson, administrators of the estate of Joseph Thompson, deceased. The declaration avers that the bond sued on was executed by Truman. C. Allen, Robert Hodson, George M. Jamison, George W. Ives, George F. Galbraith, Thomas Maley, C. Henry Brainard, Joseph Thompson, John Stine, John Marshall, Robert W. Marshall, James C. Hogue and William Adair. It further avers that since the execution of the writing obligatory the said Joseph Thompson died intestate and that Mary Thompson and G. M. McGaw were duly appointed administrators of the estate of said Joseph Thompson, deceased, and that John Stine one of the makers of said writing obligatory died testate and that Edward Stine has been appointed and has qualified as executor of said John Stine, deceased, and said executor and administrators are made parties defendant with the surviving obligors.

Of the defendants, George M. Jamison, Robert Hodson, Henry N. Ives, George F. Galbraith, C. Henry Brainard, Edward Stine, executor of John Stine, John Marshall, Robert W. Marshall, James C. Hogue and William Adair filed a general and special demurrer to the declaration. The remaining defendants, Truman C. Allen, the principal obligor, and Thomas Maley, one of the sureties and the personal representatives of Joseph Thompson, a deceased surety, did not join in the demurrer. No default or judgment has been entered as to the defendants who did not join in the demurrer, and the suit is still pending and undetermined in the Circuit Court against the defendants not joining in the demurrer. The demurrer was disposed of by sustaining it and judgment was entered that the defendants demurring go hence without day. From that judgment this appeal is prosecuted by the plaintiff.

A motion has been made by the defendants in whose favor judgment was rendered on the demurrer to dismiss this appeal on the ground that the appeal is premature, that the judgment of the Circuit Court is not a final judgment, part of the case being still pending and undetermined in the Circuit Court.

The rule is well settled that at common law on a joint and several obligation executed by more than two persons, one or all of the surviving obligors may be sued, but not an intermediate number. Kaestner v. First Nat. Bnk., 170 Ill. 322; Cummings v. People, 50 Ill. 132; Scanlon v. People, 95 Ill. App. 348. In the present case the principal obligor, Truman C. Allen, and Thomas Maley, a surviving surety, are parties and have been served with process and the case is still pending against them in the Circuit Court. Appeals were not known to the common law and can be taken only when the statute has conferred the right. Sharples v. Barker, 100 Ill. App. 108. The statute, section 91 of the Practice Act, provides that "appeals shall lie to and writs of error from the Appellate or Supreme Courts, as may be allowed by law, to review the

final judgments, orders or decrees of ˙any of the Circuit Courts'' etc. A judgment in an action *ex contractu,* where all the obligors are sued, which leaves the case pending and undisposed of as to the principal and one of the sureties, cannot be said to be a final judgment. Thompson v. Follansbee, 55 Ill. 427; International Bank v. Jenkins, 109 Ill. ˙219; Maley v. L. E. & W. R. R. Co., 84 Ill. App. 55; Lewis v. New Music Hall Co., 100 Ill. App. 415; 1 Black on Judgments, sections 21-23; 1 Freeman on Judgments, section 27. We are not aware of any deviation or judicial relaxation of the statute in cases at law in this state, although some cases in chancery lay down the rule that in cases of great hardship an appeal might be allowed even if the case is undetermined as to some parties. Dillon v. Griswold, 118 Ill. App. 627. If this appeal can be prosecuted at this time, then at some future time the remainder of the case may be appealed, and the case will be tried by piecemeal. We are satisfied this appeal is premature, and it is therefore dismissed.

*Appeal dismissed.*