The People of the State of Illinois, for use of Alton Banking & Trust Company, Guardian of John Irving Gerdes, Defendant in Error, v. National Surety Company, Plaintiff in Error.

Suretyship—*judgment against surety alone.* Under Rev. St. ch. 103, sec. 13, Cahill's St. ch. 103, ¶ 13, while plaintiff could bring suit against surety of guardian alone, or, after having brought suit against both guardian and surety, he might have dismissed the suit as to the principal and secured judgment against surety alone, he could not bring suit against both, and not having dismissed the principal out of the suit be entitled to entry of judgment against surety alone.

Error by defendant to the Circuit Court of Madison county; the Hon. J. F. Gillham, Judge, presiding. Heard in this court at the March term, 1925. Reversed and remanded. Opinion filed August 5, 1925.

Hiles, Newell & Brown, for plaintiff in error.

D. H. Mudge and J. J. Brenholt, for defendant in error.

Mr. Presiding Justice Higbee delivered the opinion of the court.

On February 28, 1919, Katheryn Gerdes gave a bond in the county court of Madison county in the sum of $10,000 as guardian for her minor son, John Irving Gerdes, with Kate Phelan, Annie Phelan and E. H. Dorsey, as sureties. On February 25, 1920, she gave another bond as such guardian in the sum of $20,000 with plaintiff in error, National Surety Company, as surety.

This suit as originally started was against Katheryn Gerdes and those persons who signed the first bond as her sureties and plaintiff in error her surety on the second bond. It appears that demurrers were filed by the defendants to the declaration which were overruled. The parties to the first bond filed a second demurrer which was also overruled. They elected to

abide their demurrer and judgment was entered against them in the sum of $10,000. Later this judgment, over objection of plaintiff in error, was set aside. The declaration was then amended so as to declare only against Katheryn Gerdes and plaintiff in error upon the second bond and the sureties on the first bond were dismissed out of the case. Katheryn Gerdes filed no demurrer or pleading of any kind to this amended declaration. Plaintiff in error filed a special plea of *nil debet* to which a demurrer was sustained and no error is urged concerning that action of the court. It also filed a plea alleging that Katheryn Gerdes as such guardian did not dispose of any property belonging to her said ward without an order of the probate court; that the property of her ward consisted of bonds registered in her name as such guardian, and that no legal assignment thereof had ever been made, but that the same still stood in the name of said guardian; that Katheryn Gerdes was not permitted to show this to the probate court. and that she had never defaulted as such guardian, but had been wrongfully discharged and that the terms of said supposed writing obligatory had never been broken. Plaintiff in error filed a further special plea setting up as a defense that the bond signed by it was given simply as an additional bond, and that judgment had been theretofore taken against Katheryn Gerdes and the sureties of her first bond which had been released and set aside on motion of defendant in error. The court sustained demurrers to these two special pleas. Plaintiff in error elected to abide its demurrers, and the cause was then heard before the court without a jury. Plaintiff in error by its attorney took part in the hearing in the way of cross-examining witnesses and also by introducing some documentary proof. After the hearing the court entered judgment against plaintiff in error, but did not enter any judgment for or against Katheryn Gerdes who had been served with

process but had filed no pleading, and had not been defaulted.

It is earnestly argued by plaintiff in error that it was error for the court to enter judgment against it without disposing of the case against Katheryn Gerdes. On the other hand defendant in error contends that under section 13 of chapter 103 of the Revised Statutes [Cahill's St. ch. 103, ¶ 13], which relates to suits on official bonds, it was proper for the trial court to enter judgment either against Katheryn Gerdes or plaintiff in error or both.

It is true that under this statute a suit may be instituted and prosecuted to final judgment against a guardian "and any or all of the sureties, or against one or more of them, jointly and severally." No doubt under the statute defendant in error could have instituted this suit against plaintiff in error and prosecuted it to final judgment without taking any action against Katheryn Gerdes, the principal. However, the suit after the amendment of the declaration and dismissal as to the sureties on the first bond proceeded against plaintiff in error and Katheryn Gerdes and the latter was never defaulted or dismissed out of the case and the suit as against her, so far as the record disclosed, was never determined but may still be pending. In a suit on a collector's bond where a judgment was entered against certain defendants who had elected to abide their demurrers, but in which no judgment was taken against or in favor of defendants not demurring, the Appellate Court of the Second District held that an appeal taken in the absence of any judgment for or against the defendants not demurring was premature. (*People v. Jamison,* 141 Ill. App. 406.)

Had Katheryn Gerdes been dismissed out of the suit, then under the case of *Kaspar v. People,* 230 Ill. 342, relied on by defendant in error, judgment could have been properly rendered against plaintiff in error. But the opinion in that case does not go to the extent

178 APPELLATE COURTS OF ILLINOIS.

of holding that judgment can be entered against one surety on a guardian's bond with the other defendants still remaining in the suit and the cause undisposed of as against them, and in that case all the other parties except the one surety against whom judgment was taken were dismissed out of the suit.

Under our statute making obligations both joint and several the party instituting the suit may bring the same against one or all of the signers, but having made his choice and brought the suit against all, and they all remain parties throughout the action, he cannot secure judgment against one alone. (*Teich v. Ayer*, 213 Ill. App. 41.)

So in this case defendant in error might have brought this suit against plaintiff in error alone or after having brought the suit against both plaintiff in error and its principal he might have dismissed the suit as to the principal and secured judgment against plaintiff in error alone. But having brought the suit against both and not having dismissed the principal out of the suit it was error to enter judgment against plaintiff in error alone. While in our opinion the merits of this case are with the defendant in error and the court properly sustained the demurrers to the special pleas, yet we are constrained to hold that for the error above pointed out the judgment must be reversed and the cause remanded for further proceedings consistent with the views herein expressed.

